## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CELISHA TOWERS

                  Plaintiff,

v.

MICHAEL ABBOTT,
UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY AND
KANSAS CITY, KANSAS,
KANSAS DEPARTMENT OF CHILDREN
AND FAMILY SERVICES et. al.

                Defendants.

Case No. 24-CV-4024

**JURY TRIAL DEMANDED**

- 18 USC§1513(e)- Retaliating
- 18 USC§ 1962 (c)(d)- Racketeering
  Influenced and Corrupt Organization
  Conspiracy
- Continued Racial Discrimination

## AMENDED CIVIL COMPLAINT

        COMES NOW on July 9, 2024, with Amended Complaint in which original complaint

was timely filed on April 5, 2024,  and Amended Summons,  Plaintiff Celisha Towers ("Plaintiff

or Towers"), by way of  temporarily Pro Se until counsel files Entry of Appearance, and for her

claims against Defendants Unified Government of Wyandotte County and Kansas, City, Kansas

et al., states the following:

## PARTIES TO THIS CIVIL ACTION

1.      **Plaintiff**: *Celisha Towers* is a African American adult female, and a resident of Kansas

with a domicile in Kansas City, Kansas. "Domicile" is defined as a place of residence.[1] Plaintiff

---

[1] Domicile is defined as a dwelling place, or a place of residence (https://www.merriam-webster.com/dictionary).

is a citizen in the State of Kansas and the United States of America. At all times relevant to the claims in the complaint aside from childhood claims, plaintiff has been a registered voter in Wyandotte County, Kansas,

2.　　　**Defendant:** *Unified Government of Wyandotte County and Kansas City Kansas et al*., is a public government agency with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter; and defendant employees and the companies they hire performs all their duties and obligations through the  named defendant by and through the corporation incorporated under the laws of the State of Kansas having  principal place of business through several addresses throughout Wyandotte County, Kansas with legal office that can be served at 710 N 7th Street, Kansas City, Kansas 66101, in which named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, and a violation of the "Continued Wrong Doing Doctrine" of racially discriminating against named plaintiff and violating the plaintiffs Constitutional and Civil Rights,

3.　　　**Defendant:** *Kansas Department for Children and Families* formerly known as Kansas Department of Social and Rehabilitation Services[2]  with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff was a minor and ward in custody and foster care to the Defendant approximately 1986-1993 time frame; and defendant employees they

---

[2] Kansas Department for Children and Families (formerly the Kansas Department of Social and Rehabilitation Services) is a state agency in Kansas, responsible for the delivery of social services to those in need. . .  After the agency establishment, Legislation was passed the same year and transferred all social welfare programs from various counties to the new agency. Services provided are/were Child support services, Economic and employment services, Foster Care, and Prevention and protection services  (www.dcf.ks.gov(https://www.dcf.ks.gov/).

hire performs their duties and obligations through the  named defendant by and through the corporation incorporated under the laws of the State of Kansas having  principal place of business through several addresses throughout the State of Kansas having a principal place of business throughout the state of Kansas with an office that can be served at 402 State Ave. Kansas City, Kansas 66101; and headquarters at 555 S Kansas Ave, Topeka, Kansas 66603,

4.      **Additional Defendants: *Winston Barton*** in his professional capacity as a citizen in the State of Kansas and as Department Executive Secretary  of Kansas Department for Children and Families("DCF") formerly known as Kansas Department of Social Rehabilitation Services ("SRS") from 1987-1990 when the plaintiff was a ward of the state in foster care; address unknown to be served; Summons left with court for service,

5.      **Defendant**: ***Robert Harder*** in his professional capacity as a citizen in the State of Kansas and as Department Executive Secretary  of Kansas Department for Children and Families("DCF") formerly known as Kansas Department of Social Rehabilitation Services ("SRS") from 1986-1987, and 1991 when the plaintiff was a ward of the state and in foster care,

6.      **Defendant: *Dennis Taylor*** in his professional capacity as a citizen in the State of Kansas and as Department Executive Secretary  of Kansas Department for Children and Families("DCF") formerly known as Kansas Department of Social Rehabilitation Services ("SRS") from 1990-1991 when the plaintiff was a ward of the state and in foster care,

7.      **Defendant: *Donna Whiteman*** in her professional capacity as a citizen of the State of Kansas and as Department Executive Secretary  of Kansas Department for Children and Families("DCF") formerly known as Kansas Department of Social Rehabilitation Services ("SRS") from 1991-1995 when the plaintiff was a ward of the state and in foster care,

8.      **Defendant:** *Laura Howard* in her professional capacity as a citizen in the State of Kansas and as Department Executive Secretary  of Kansas Department for Children and Families("DCF") formerly known as Kansas Department of Social Rehabilitation Services ("SRS") from 2019-present when the plaintiff Therapist filed a complaint on behalf of plaintiff due to mandated reporting when a minor **has** been sexually abused, can be served at 555 S Kansas Ave. Topeka, Kansas 66603,

9.      **Defendant:** *Meridith Sullivan*  in his individual capacity as a citizen in the state of Kansas and as one of the approved foster parents  by "DCF" living in the foster home with the plaintiff at the address of 3501 Yecker Ave. Kansas City, Kansas 66104. Defendant is a member of the Baptist Ministry in which the Unified Government of Wyandotte County is politically connected with and a Pastor at Antioch Baptist Church at 1335 Quindaro Blvd., Kansas City, Kansas 66104 and resident last known address to be served is 1137 Haskell Ave., Kansas City, Kansas 66101,

10.      **Defendant:** *Daniel Soptic* in his professional capacity and in his individual capacity as a citizen in the state of Kansas and in the capacity of employment at the Unified Government of Wyandotte County and Kansas City in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Kansas, and can be served at 710 N 7th Street Kansas City, Kansas 66101,  and 2628 S 51st Terr. Kansas City, Kansas 66106,

11.      **Defendant:** *Michael Abbott* in his professional capacity and in his individual capacity as a citizen in the state of Kansas and in the capacity of employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, continued

violation of plaintiffs and voters Civil and Constitutional Rights, and can be served at 710 N 7th
Street Kansas City, Kansas 66101,  and 112340 Webster Ave Kansas City, Kansas 66109,

12.      **Defendant:** *Danielle Abbott* is a citizen in the State of Kansas, and is a part of a federal
Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, continued
violation of plaintiffs and voters Civil and Constitutional Rights, and can be served at 11340
Webster Ave Kansas City, Kansas 66109,

13.      **Defendant:** *Bruce Newby* in his professional capacity and in his individual capacity as a
citizen in the state of Kansas and in the capacity of employment at the Unified Government of
Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal
Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, continued
violation of plaintiffs and voters Civil and Constitutional Rights, was the Election Commissioner
from  2006-2021 and employed at the Unified Government of Wyandotte County and Kansas
City, Kansas,

14.      **Defendant:** *Zachary Hunt* in his professional capacity and in his individual capacity as a
citizen in the state of Kansas and in the capacity of employment at the Unified Government of
Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal
Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, continued
violation of plaintiffs and voters Civil and Constitutional Rights, and can be served at 710 N 7th
St. Kansas City, Kansas 66101, and last known address 7944 Waverly Ave. Kansas City, Kansas
66109,

15.      **Defendant:** *Carla Soptic* is a citizen in the State of Kansas, and is a part of a federal
Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, continued

violation of plaintiffs and voters Civil and Constitutional Rights, and can be served at last known

address 2628 S 51st Terr. Kansas City, Kansas 66106,

16.     **Defendant: *Calvary Bible Church Association*** is a public business with the corporation

incorporated under the laws of the State of Kansas, authorize to conduct business in the State of

Kansas and having principal place of business in a State of which plaintiff is a citizen and

registered voter, and a candidate for sheriff in which the business was a voting location and a

part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the

plaintiff's Sheriff Elections and can be served at 518 W Insley Ave., Bonner Springs, Kansas

66012,

17.     **Defendant: *Open Door Baptist Church Association*** is a public business with the

corporation incorporated under the laws of the State of Kansas, authorize to conduct business in

the State of Kansas and having principal place of business in a State of which plaintiff is a citizen

and registered voter, and a candidate for sheriff in which the business was a voting location and a

part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the

plaintiff's Sheriff Elections and can be served at 3033 N 103rd Terr. Kansas City, Kansas 66109,

18.      **Defendant: *Daniel Anderson***, in his professional capacity  and in his individual capacity

and as a citizen in the state of Kansas and in the capacity of being employment at the Unified

Government of Wyandotte County and Kansas City, Kansas in which the named defendant is

part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can

be served at 710 N 7th St. Kansas City, Kansas 66101,

19:     **Defendant: *Olivet Institutional Baptist Church*** is a public business with the corporation

incorporated under the laws of the State of Kansas, authorize to conduct business in the State of

Kansas addressed at 2013 N 7th St. Kansas City, Kansas 66101 and having principal place of

business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 815 N 84TH St., Kansas City, Kansas 66112,

20.     **Defendant: *Mount Zion Missionary Baptist Church*** is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 417 Richmond Ave., Kansas City, Kansas 66101,

21.     **Defendant: *Bible Temple Baptist Church Resident Agent Leroy Smith Jr.*** is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business 2804 Hiawatha Ave. Kansas City, Kansas 66104  in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 6664 Greeley Ave. Kansas City, Kansas 66104,

22.     **Defendant: *Mt. Carmel Church of God in Christ Inc.*** is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a

part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 2025 N 12th St. Kansas City, Kansas 66104,

23.     **Defendant:** *Heart of America Region Volleyball Association* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 548 S Coy St. Kansas City, Kansas 64104,

24.     **Defendant:** *Wyandotte Tabernacle* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 5301 Metropolitan Ave. Kansas City, Kansas 66106,

25.     **Defendant:** *Rainbow Boulevard Mennonite Church Inc.* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 1444 Southwest Blvd. Kansas City, Kansas 66103,

26.     Defendant: *Trinity Community Church*, *A United Methodist Congregation Registered Agent Linda L. Schmidt. .* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 5010 Parallel Pkwy. Kansas City, Kansas 66104,

27.     Defendant: *London Heights Baptist Church* . is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 734 N 78th St. Kansas City, Kansas 66112,

28.     Defendant: *Haven Baptist Church and Register Agent Kristia Lantz,* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 3430 Hutton Rd. Kansas City, KS 66109,

29.     Defendant:  *Bethel Seventh-Day Adventist* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and

registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 6910 Riverview Ave. Kansas City, Kansas 66102,

30.     **Defendant: *Center Pointe Community Church*** is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 401 N 78th St. Kansas City, Kansas 66112,

31.     **Defendant: *Oak Ridge Missionary Baptist Church,*** is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 9301Parallel Pkwy. Kansas City, Kansas 66112,

32.     **Defendant: *Hope Chapel,*** is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 4835 Shawnee Dr. Kansas City, Kansas 66106,

33.     **Defendant:** *New Story Baptist Church and Registered Agent Oak Grove Baptist Church,* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 5500 Woodend Ave. Kansas City, Kansas 66106,

34.     **Defendant:** *Sunset Hills Christian Church, Inc.,* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 6347 Leavenworth Rd. Kansas City, KS 66104,

35.     **Defendant:** *Rio De Agua Viva Apostolic Church,* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 4000 Victory Dr. Kansas City, Kansas 66102,

36.     **Defendant:** *St. Andrews Missionary Baptist Church Incorporated Kansas City Kansas,* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the

business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 2200 N 53rd St. Kansas City, Kansas 66103,

37.     Defendant: *Kansas Chin Baptist Church* is a public business with the corporation incorporated under the laws of the State of Kansas, authorize to conduct business in the State of Kansas and having principal place of business in a State of which plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the plaintiff's Sheriff Elections and can be served at 2907 N 81 St. Kansas City, Kansas 66109,

38.     Defendant: *Melissa Bynum* in her professional capacity as Board of Canvasser and in her individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

39.     Defendant: *Gayle Townsend* in her professional capacity as Board of Canvasser and in her individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

40.     Defendant: *Tom Burroughs* in his professional capacity as Board of Canvasser, Voting Audit Committee, and in his individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering

Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

41.     Defendant: *Brian Mckeirnan* in his professional capacity as Board of Canvasser and in his individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

42.      Defendant: *Mary Gonzales* in her professional capacity as Board of Canvasser and in her individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

43.     Defendant: *Christian Ramirez* in his professional capacity as Board of Canvasser and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

44.      Defendant: *Mike Kane* in his professional capacity as Board of Canvasser and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

45.       Defendant: *Frances Shepard* in her professional capacity as Assistant Election Commissioner and in her individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

46.       Defendant: *Marni Arevalo* in his professional capacity as a Voter Register and in her individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

47.       Defendant: *Stephanie Grady* in her professional capacity as Advance Voting Coordinator and in her individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

48.       Defendant: *Kyla Esparza* in her professional capacity as Election Worker Program Coordinator and in her individual capacity as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

49.       Defendant: *Elizabeth Hernandez* in her professional capacity as Election Equipment Program Coordinator and in her individual capacity as a citizen in the state of Kansas and in the

capacity of being employment at the Unified Government of Wyandotte County and Kansas

City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering

Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas

66101,

50.     **Defendant: *Kim Rivera*** in her professional capacity as Election Equipment Program

Coordinator and in her individual capacity as a citizen in the state of Kansas and in the capacity

of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas

in which the named defendant is part of a federal Conspiracy to Racketeering Influence and

Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

51.     **Defendant: *Don Ash*** in his professional capacity as Sheriff and  Board of Trustees at

Kansas City Kansas Community College, and in his individual capacity as a citizen in the state

of Kansas and in the capacity of being employment at the Unified Government of Wyandotte

County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to

Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas

City, Kansas 66101,

52.     **Defendant: *Scott Schwab*** in his professional capacity as Secretary of State and in his

individual capacity and as a citizen in the State of Kansas in which the named defendant is part

of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be

served at Memorial Hall, 1st Floor 120 SW 10th Avenue Topeka, KS 66612,

53.     **Defendant: *Doug Bach*** in his professional capacity as County Administrator and in his

individual capacity and as a citizen in the State of Kansas in which the named defendant is part

of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be

served at 1000 SW Jackson, Suite 100 Topeka, KS 66612,

54.     Defendant: *Angela Markley* in her professional capacity as Board of Canvasser and in her individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

55.     Defendant: *Jim Walters* in his professional capacity as Board of Canvasser and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

56.     Defendant: *Jane Philbrook* in her professional capacity as Board of Canvasser and in her individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

57.     Defendant: *Henry Couchman Jr.* in his professional capacity as Attorney and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

58.     **Defendant:** *Jeffrey Conway* **.** in his professional capacity as Attorney and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

59.      **Defendant:** *Suezanne Bishop* in her professional capacity as Attorney and in her individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

60.     **Defendant:** *David Thaxton* is a citizen in the State of Kansas, and is a part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Retaliation, continued violation of plaintiffs and voters Civil and Constitutional Rights, and can be served at 710 N 7TH St., Kansas City, Kansas 66111,

61.     **Defendant:** ***Board of Trustees at Kansas City Kansas Community College*** in their professional capacity as  Don Ash political involvement is a member of Board of Trustees at Kansas City Kansas Community College and in their business capacity  in the state of Kansas and in the capacity of being employed at the Kansas City, Kansas Community College in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, and can be served at 7250 State Ave | Kansas City, Kansas 66112,

62.     Defendant: *Emmit Lockridge* in his professional capacity and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

63.     Defendant: *Andrew Carver* in his professional capacity  and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

64.     Defendant: *Ernesto Terrazas* in his professional capacity  and in his individual capacity and as a citizen in the state of Kansas and in the capacity of being employment at the Unified Government of Wyandotte County and Kansas City, Kansas in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101.

65.      Defendant: *CL Bachus* in his professional capacity  and in his individual capacity and as a citizen in the state of Kansas and in the capacity in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 417 Richmond Ave.,

 Kansas City, Kansas 66101,

66.     Defendant: *John Rios* in his professional capacity  and in his individual capacity and as a citizen in the state of Kansas and in the capacity in which the named defendant is part of a

federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial

Discrimination, and Retaliation, and can be served at 710 N 7TH St., Kansas City, Kansas 66101,

67.    **Defendant:** *Matthew Watkins* in his professional capacity and in his individual capacity

and as a citizen in the state of Kansas and in the capacity in which the named defendant is part of

a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial

Discrimination, and Retaliation, and can be served at 4023 N 111th Kansas City, Kansas 66109,

68.    **Defendant:** *MPHS, LLC* is a public business owned by defendant Matthew Watkins

with the corporation incorporated under the laws of the State of Kansas, authorize to conduct

business in the State of Kansas and having principal place of business in a State of which

plaintiff is a citizen and registered voter, and a candidate for sheriff in which the business was a

voting location and a part of a federal Conspiracy to Racketeering Influence and Corrupt

Organizations Act in the plaintiff's Sheriff Elections and can be served at 4023 N 111th Kansas

City, Kansas 66109,

69.    **Defendant:** *Kansas City, Kansas Housing Authority Low-Income Services, Inc.* is a

public business with the corporation incorporated under the laws of the State of Kansas,

authorize to conduct business in the State of Kansas and having principal place of business in a

State of which plaintiff is a citizen and registered voter, and was a candidate for sheriff in which

the business Board of Commissioners  John Rios and Chair Matthew Watkins of District 7 are a

part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act in the

plaintiff's Sheriff Elections and can be served at 1124 North 9th St Kansas City, KS 66101,

70.    **Defendant:** *Larry Roland* in his professional capacity and in his individual capacity and

as a citizen in the state of Kansas and in the capacity in which the named defendant is part of a

federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial
Discrimination, and Retaliation, and can be served at 5634 Georgia Ave., Kansas City, KS 66104

71.     **Defendant:  *Ricky Bragg*** in his professional capacity as Chairperson for the Unified
Government of Wyandotte County & Kansas City, Kansas: The Ad Hoc Ethics Commission
Appointment Panel and in his individual capacity and as a citizen in the state of Kansas and in
the capacity in which the named defendant is part of a federal Conspiracy to Racketeering
Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be
served at 710 N 7th St. Kansas City, Kansas 66101,

72.     **Defendant:  *Stevie Wakes*** in his professional capacity  and in his individual capacity
and as a citizen in the state of Kansas and in the capacity in which the named defendant is part of
a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial
Discrimination, and Retaliation, and can be served at 710 N 7TH St., Kansas City, Kansas 66101,

73.     **Defendant: *Thomas L. Wiss*** in his professional capacity for the Unified Government of
Wyandotte County & Kansas City, Kansas: The Ad Hoc Ethics Commission Appointment Panel
and in his individual capacity and as a citizen in the state of Kansas and in the capacity in which
the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt
Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St.
Kansas City, Kansas 66101,

74.     **Defendant: *Nancy Burns*** in her professional capacity and in her individual capacity and
as a citizen in the state of Kansas and in the capacity in which the named defendant is part of a
federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial
Discrimination, and Retaliation, and can be served at 710 N 7TH St., Kansas City, Kansas 66101

75.    **Defendant:** *Ruth Benien* in her professional capacity as Ethics Administrator for the Unified Government of Wyandotte County & Kansas City, Kansas: The Ad Hoc Ethics Commission Appointment Panel and in his individual capacity and as a citizen in the state of Kansas and in the capacity in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

76.    **Defendant:** *Joseph Wittman* in his professional capacity  for the Unified Government of Wyandotte County & Kansas City, Kansas: The Ad Hoc Ethics Commission Appointment Panel and in his individual capacity and as a citizen in the state of Kansas and in the capacity in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101

77.    **Defendant:** *Reed Patridge* in his professional capacity as Legislator Auditor for the Unified Government of Wyandotte County & Kansas City, Kansas: The Ad Hoc Ethics Commission Appointment Panel  in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101,

78.    **Defendant:** *Ian Tomasic* in his professional capacity as  the Unified Government of Wyandotte County & Kansas City, Kansas: The Ad Hoc Ethics Commission Appointment Panel in which the named defendant is part of a federal Conspiracy to Racketeering Influence and Corrupt Organizations Act, Racial Discrimination, and Retaliation, and can be served at 710 N 7th St. Kansas City, Kansas 66101.

## JURISDICTION AND VENUE

1.      The plaintiff is a citizen of the State of Kansas .

2.      The first-named defendant above is either

    a.   a citizen of the State of Kansas; or

    b.   a corporation incorporated under the laws of the State of Kansas and having its principal place of business in the state in which the named plaintiff is a citizen.

3.      The second-named defendant above is either

    a.   a citizen of the State of Kansas; or

    b.   a corporation incorporated under the laws of the State of Kansas and having its principal place of business in the state in which the named plaintiff is a citizen.

4.      This case arises under the following section of the Constitution of the United States or statute of the United States 28 U.S.C. § 1331; US Code, Title 18, Section 1962 (c ) (d); US Code Title 18, Section 1513; US Code Title 18, Section 1341.

5.      This case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or parsons within the jurisdiction of, the United States (28 U.S.C.§1343).

6.      **Other grounds:**

    1.      Violation of 14th Amendment of the United States Constitution,

    2.      Violation of 19th Amendment of the United States Constitution,

    3.      Violation of 24th Amendment of the United States Constitution,

    4.      Violation of 7th Amendment of the United States Constitution,

    5.      Violation of 15th Amendment of the United States Constitution,

    6.      Violation of the Civil Rights Act of 1964 (1983) Title 42,

    7.      US Code Title 18, Section 2242 by US Code Title 18, Section 7.

7. This Court has federal question pursuant to 28 U.S.C. § 1331 because the Title 18, Section

1962 (c ) (d), and the 42 U.S.C. § 1983  arise under the laws of the United States. This court has

supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because prosecution claim is so related to

the federal law claim as to form part of the same case controversy.

8. Venue is proper pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint

occurred in this district.


## STATEMENT OF CLAIMS

### I. CLAIM ONE: SEXUAL ABUSE IN FOSTER CARE VIOLATING PLAINTIFF'S CHILD CONSTITUTIONAL RIGHTS 18 U.S. Code § 2242 AND RELATEDNESS TO CLAIMS


1. When the plaintiff  Celisha Towers "plaintiff" was taken away from her mother at barely the

   age of two years old and involuntarily placed into foster-care by Kansas Department of

   Children and Families "KDCF", the plaintiff as a child had constitutional rights that should

   have been  maintained by KDCF in which they failed to do. The plaintiff as a child  is to be

   free of any unreasonable risk or harm or threats that may be present by KDCF doing

   extensive background checks and reports on the children in placements in foster care. Any

   sexual abuse reported to the assigned case workers should have been investigated and

   removed the plaintiff and a sibling out of the home immediately. However, plaintiff was

   isolated and subjected to sexual molestation by Meridith Sullivan and Nathaniel Tripp  a

   boyfriend of Margaret Quarles on several separate instances and neglected by KDCF over the

   course of eight years. Plaintiff reported the sexual abuse several times when she was of age

   to articulate her sentences clearly that she was "being touched" and forced to "move skin up

and down" on the above-mentioned men penis on several occasions. In return, the KDCF case worker would state that foster homes were limited and that there was a good chance that the plaintiff and her sister would be split up if the plaintiff continued to mention she was being sexually molested in the homes by the men. The placement addresses were 3501 Yecker Ave., Kansas City, Kansas 66104 and 3045 Lafayette Ave., Kansas City, Kansas 66104. The sexual abuse also happened outside of state lines in St. Louis, Missouri where the foster family would often travel to visit an aunt of Meridith Sullivan. Another location the sexual abuse took place was on USPS grounds on the aligned street between Skateland and the US Post Office off 78th St. in Kansas City Kansas. The term of going to get ice-cream was often used to isolate the young plaintiff. The abuse was reported to the plaintiff's Therapist in 2019 in which the Therapist informed the plaintiff that she had to file a report on behalf of a minor or the Therapist  license would be in jeopardy. The report was filed, and no follow-up action or investigation was pursued.

2. KDCF may try to argue that the claims are a "State matter." However,  when sexual abuse takes place outside of state lines and on federal grounds, it gives the District Court Federal Jurisdiction over the claims. In addition, the elements of 18 U.S. Code § 2242 , are causing a person to engage in an sexual act that is incapable of appraising the nature of the conduct, and physically incapable of declining participation in or communicate unwillingness to engage in that sexual act. Here, the plaintiff was sexually abused from the ages two years old to eight years old, physically incapable of declining or able to communicate effectively.


## SEXUAL ABUSE CASUAL RELATEDNESS TO OTHER CLAIMS

3.  The plaintiff's sexual abuse claims are related to the other claims mentioned because of the
    Unified Government of Wyandotte County and Kansas City Kansas "Unified Government"
    financial relationship with the Baptist Ministry members in Kansas City Kansas when it
    comes to politics. Meridith Sullivan is a member of the Baptist Ministry, a current Pastor at
    Antioch Baptist Church and a past pastor of Bethel Baptist Church . Nathaniel Tripp was a
    Deacon and member of the Baptist Ministry. The Baptist Ministry often hosts political
    forums in which political candidates come and speak and gives the opportunity for Baptist
    Ministry pastors to sway a particular candidate and host voting locations with a large
    payment, in return or promised political positions by the Unified Government when false
    election results are turned in. Given the financial history and relationships the Unified
    Government has built with the Baptist Ministry, it would be detriment to allow plaintiff her
    rightful elected position at Sheriff due to the past sexual abuse of the Baptist Ministry
    members. There is no secret to Meridith Sullivan past prison sentence for abuse of authority
    asking for sexual favors working at the KCK Housing Authority.[3]

### II.   CLAIM TWO: CONSPIRACY  OF RACKETEER INFLUENCE AND CORRUPT ORGANIZATIONS ACT   US Code, Title 18, U.S.C. 1962 (c ) (d)

4.  The plaintiff is claiming to be a victim of a Conspiracy of Racketeer Influence and Corrupt
    Organization. The elements for Conspiracy of a Racketeer Influence and Corrupt Organization
    Act "RICO,"  are the defendant agreed to commit the substantive racketeering offense through
    agreeing to participate in two racketeering acts, that he knew the general status of the
    conspiracy; and that he knew the conspiracy extended beyond his individual role.

---

[3]  Background of Meridith Sullivan: https://www.thepitchkc.com/rev-meredith-sullivan-gets-16-months-in-prison-for-trading-sex-for-section-8-housing-help/

**5.** Here, the plaintiff ran for Sheriff in 2017, and 2021. In total there were four elections that included two primaries and two general elections. Named defendants from lines two through seventy-eight knowingly agreed to conspire to commit substantive racketeering offenses when defendants knew the plaintiff lead all sheriff candidates according to poll tapes and witnesses in the race for sheriff and all named defendants from lines two through seventy-eight played a role in Racially discriminating, and fraudulently reporting results, and confirming those fraudulent results stating that Don Ash in 2017 and Daniel Soptic in 2021 had the larger number of ballots and votes casts to be sworn in as Sheriff of Wyandotte County over the Plaintiff. Micheal Abbott and  the Election staff racially discriminated and knew that fraudulently turning in numbers other than the actual true and correct numbers of casted votes in favor of candidates who had significantly lesser numbers than the plaintiff is when the named defendants extended beyond their individual role to oppressing and abridging the  votes of the citizens of Wyandotte County and turned their behavior and election office, voting locations into a crime scene. Anyone who agrees or conspires to pursue the same criminal objective can be held liable for a RICO violation. A conspirator must simply intend to further an endeavor which, if completed, would satisfy all elements of a civil RICO claim.  Id. at 65; see also CGC Holding Co., LLC v. Broad and Cassel, 773 F.3d 1076, 1088 (10th Cir. 2014) (one conspires to violate RICO by adopting the goal of furthering the enterprise, "even if the conspirator does not commit a predicate act"); The plaintiff elections is not the only conspiracy RICO these defendants are apart of. Every poll-tape pulled that they haven't destroyed yet will show that several officials have not legally been elected to their positions including Sheriff, Commissioners, Secretary of State, Register of Deeds, BPU positions. Plaintiff suffered significant harm in the continued racial discrimination, employment discrimination, retaliation,

and election fraud that took place in the RICO conspiracy. Private plaintiffs can file RICO charges if at least two RICO offenses took place within the last ten years. All crimes committed against plaintiff by defendants took place within the last ten years.

**6.** Defendants placed yellow envelopes outside of electronic voting machines, and instructed voters who did not use paper ballots to place voter receipts in the yellow envelope instead of inserting the ballot receipt into the voting machine to count their actual vote. This instruction is to avoid the three-part audit of the poll-tape that takes place when the receipt is inserted into the voting machine. The election worker stated, " We would be all day counting ballots if we let everyone insert their ballots in the machine." Another election worker admitted on video testimony that the plaintiff came out on top of every ballot count that took place and defendant Michael Abbott had premeditated numbers already generated for the candidate he was in favor of and told staff "We are not going with those numbers," "these are the numbers we are confirming." There was a private number and a public number displayed on the voting machine. Michael Abbott only displayed 15.8% of the actual number of ballots cast to the public. _Salinas v. United States_, 522 U.S. 52, 63-64 (1997). "If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators." Id. at 64. Defendant two through seventy-eight intentionally provided support  in confirming the fraudulent numbers and pushing for Don Ash to remain Sheriff and Daniel Soptic to become the new Sheriff despite of lower voting numbers than the plaintiff.  Therefore, Defendants intentionally conspired together to illegally elect Don Ash and Daniel Soptic over plaintiff despite of her significantly higher numbers to be voted in as Sheriff according to poll-tapes and witnesses.

### III.     CLAIM THREE: MAIL FRAUD US Code Title 18, Section 1341.

**7.** Defendants committed mail fraud when they reported the fraudulent numbers and sent the results through the mail and mailed out certificates  from primary and general elections of the fraudulent numbers reported. The two elements in mail fraud are (1) having devised or intending to devise a scheme to defraud , and (2) use of the mail for the purpose of executing , or attempting to execute, the scheme. Here, when the defendants mailed out certificates from the election, the defendants intended to defraud the candidates, and the citizens of Wyandotte County every time the officials that were not legally elected to office were/are on a piece of mail stated they are elected to that office with the purpose to execute the perception that the losing candidates with the lower numbers actually won their positions to push forth the fraudulent acts of the defendants fraudulent election results reported.

### IV.     CLAIM FOUR: RETALIATION US Code Title 18, Section 1513

**8.** Plaintiff is a victim of retaliation[4] from defendants and employer named Unified Government of Wyandotte County and Kansas City Kansas which took adverse action against plaintiff when she exercised her legal rights by filing employment, and racial discrimination claims; and was issued a Notice for Right to Suit Letter on July 25, 2017. The defendants owed the plaintiff a fair protected election without retaliation, and to be free from in continued racial and employment discrimination towards the plaintiff in the protected activities of running for Sheriff and securing her elected seat once votes were in her favor. The defendants breach their duty when fraudulent results of the elections were turned in and confirmed even though the plaintiff had the higher number in the Sheriff race to be elected as Sheriff in 2017 and 2021.

---

[4] US Code Title 18  § 1513 Retaliating against a. . .victim (e ) Whoever knowingly, with intent to retaliate, takes any action harmful to any person, including interference with lawful employment or livelihood of any person for providing to the law enforcement officer any truthful info relating to the commission or possible commission of federal offense (f) conspires to commit. https://www.law.cornell.edu/

The plaintiff suffered severe damages in finances, a loss of life and diagnosed delayed onset post-traumatic stress disorder. The wrongful termination and the false election results were direct causes of the damages.  2017 is the same year plaintiff was running for her first term of Sheriff of Wyandotte County when the defendants retaliated against the plaintiff and committed  racial and employment discrimination again against the plaintiff  right to obtain office after receiving the higher votes over Don Ash and Daniel Soptic in the Sheriff races. Defendant Henry Couchman and Jefferey Conway, being the lawyers in the Right to Suit Discrimination suit and in the Elections for 2017 and 2021 signed off on the election paperwork. The Judge Julie Robinson who is currently on this case illegally interfered with the Right to Suit by putting the plaintiff under duress to enforce a settlement with Fraternal Order of Police Lodge #40 " FOP" in which plaintiff was never a member. There was never a meeting of the minds after the terms changed and never a contract relationship for FOP to negotiate a settlement or be enforced on the behalf of the defendant Unified Government of Wyandotte County and Kansas City Kansas. Plaintiff participated in a protected activity that is free of retaliation, harassment in elections, refusing/denying elected positions plaintiff continues win and has won. Defendants taking adverse action and retaliating against plaintiff for her discrimination claims and then continuing to commit racial  discrimination and employment discrimination by denying plaintiff her elected positions give plaintiff  RICO violations and a right to refile lawsuit under the "Continue Violation Doctrine and Repeated Violation Doctrine" [5] to dismiss any statute of limitation defense claims.

---

[5] Under the doctrine, "where there is a series of continuing wrongs," the statute of limitations will be tolled to the last date on which a wrongful act is committed. Henry v. Bank of Am., 147 A.D.3d 599, 601 (1st Dept). In Wyo-Ben Inc. v. Haaland, the U.S. Court of Appeals for the Tenth Circuit took up a case involving a broadly applicable federal statute of limitations. Its decision offers guidance on how district courts should apply the "continuing-violation" and "repeated-violations" doctrines in cases involving governmental inaction.

### V.    CLAIM FIVE: EMPLOYMENT/RACIAL DISCRIMINATION EEOC TOLL STATUTE OF LIMITATIONS CLAIM CHARGE # 563-2017-00516

**9.**    The defendants were found by the Department of Justice and EEOC to have committed racial

discrimination and employment discrimination against the plaintiff by wrongfully

terminating her while on Educational Leave  to attend law school  for living out of the

county. White Deputies were allowed to live out of the county that worked for the Unified

Government of Wyandotte County and Kansas City Kansas "UG". Doug Bach openly

admitted discrimination that a white women name Katherine Carttar over economic

development was allowed to live in Kansas City, Missouri  while working for the UG

because her husband serves as the mayor. [6] The plaintiff brings forth the Right to Suit Letter

to bring forth continued violations of racial and employment discrimination which tolls the

statute of limitations until the last overt act takes place. Continuing wrong doctrine is based

on the continuation of unlawful acts; it is not based on the continuing effects of earlier

unlawful conduct. The distinction, therefore, is between a single wrong that has continuing

effects and a series of independent, distinct wrongs. Here, the plaintiff was wrongfully

terminated as a deputy due to racial and employment discrimination. The Department of

Justice and EEOC issued a Right to Suit letter in 2017. Plaintiff was then racially

discriminated against in her primary and general election in 2017 when defendants turned in

fraudulent numbers to certify Don Ash as the Sheriff over the Plaintiff for four years. 2021

the plaintiff runs for Sheriff again in which defendants committed racial discrimination and

employment discrimination again by refusing to certify the plaintiff as Sheriff for

---

https://www.wycokck.org/Engage-With-Us/News-articles/Economic-Development-Director-Katherine-Carttar-to-Resume-Full-Time

[6]

employment and turning in fraudulent results for Daniel Soptic to be certified as Sheriff of Wyandotte County. These separate offenses by the same defendants in which Henry Couchman was the continued attorney to sign off on all paperwork in wrongful termination and election results. The plaintiff now seeks back pay from Right to Suit letter of Wrongful termination dating back to June 2016 until conclusion of case was forcefully ended by interference of Judge Julie Robinson in 2019 by putting plaintiff in duress under an illegal forced settlement.

## VI.    CLAIM SIX: 14TH AMENDMENT VIOLATION

**10.** This amendment States no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws. Here, plaintiff was denied equal protection under the laws when she was wrongfully terminated and racial discriminated against by the defendants. Plaintiff was denied equal protection even after Right to Suit letter was issued, and the right to a fair trial or court process in negotiations were initiated with an illegal enforcement. Plaintiff was denied equal protection when she ran for Sheriff of Wyandotte County in 2017 and 2021 and was denied equal protection under the laws through fair court procedures when fraudulent votes were reported by defendants and abridge the plaintiffs right to be elected to office after rightfully obtaining the majority votes cast over a Caucasian candidate.

## VII.    CLAIM SEVEN: 19TH AMENDMENT VIOLATION

**11.** This amendment granted women the right to vote prohibiting any US citizen to be denied the right to vote based on sex. Defendants listed employed by the UG or hired for a voting

location refused  thousands of women votes that casted a ballot in the 2021 and 2022 election according to numbers turned in when compared to poll-tapes, paper ballots casts during the August 3, 2021, November 2, 2021,  and the November 8. 2022 election results reported.

### VIII.   CLAIM EIGHT: 24TH AMENDMENT VIOLATION

**12.** This amendment prohibits both Congress and the states from conditioning the right to vote in federal elections on payment of a poll tax or other types of tax. Defendants fraudulently report voting results, and when plaintiff requested open records for investigation of poll-tapes by supervision of the FBI and District Attorney, defendants Zachary Hunt and Michael Abbott requested a poll-tax of $1400 per election to confirm the poll-tape voting results. Poll-taxes are prohibited in federal protected activities. If Daniel Soptic  and other candidates won their elections in Wyandotte County legally, why are the Courts and state, federal officials trying hard to prevent the  election results to be scene and investigated by Federal Agents and brought into trial.

### IX.   CLAIM NINTH: 15TH AMENDMENT VIOLATION

**13.**  This amendment prohibits states from disenfranchising voters "on account of race color, or previous condition of servitude. Here, during the 2017, 2021, 2022 elections, the defendants reported fraudulent results and disenfranchised plaintiff and several races of registered voting citizens  in Wyandotte county when the defendants refused to count their ballots that were in favor of  the plaintiff in Sheriff races that she participated in.

### X.   CLAIM ELEVEN: Civil Rights Act of 1964 (1983) Title 42,

**14.**  This act provides an individual the right to sue state government employees and others acting "under color of state law" for civil rights violation. Section 1983 is a means to enforce civil rights. Here, plaintiff an African American female ran for Sheriff and voted in all

elections mentioned,  the defendants acted under the color of law by refusing voter ballots and reporting fraudulent results that do not match the voters polling tape from the voting machines where ballots were casts. Voting is a protected activity and the employees turning the election office and voting locations to commit RICO offenses is a strike against life and liberty in the US and lets the Unified Government of Wyandotte County operate in a manner which they believe they cant be touched because of the system that is protecting their behavior but violating the plaintiff and citizens rights of equal protection under the laws.

## **PRAYER FOR RELIEF**

Plaintiff prays the court and jury grants relief by the following means:
I.    Treble Damages.
II.   Overturn Election results and issue back pay on terms found to be fraudulently reported through testimony and/or poll tape results.
III.  Back-pay for wrongful termination of Right to Suit Letter.
IV.   Attorney Fees and Filing Cost when applicable.
V.    Declaratory Judgement order in related court cases on state and Federal level where fraud is found and Reinstatement on those cases.
VI.   Federal Bureau of Investigation to bring criminal charges against all defendants.
VII.  American Bar Association to bring all Attorneys and Judges before the Bar  to strip license of any practice in the United States and or State of Kansas or Suspension.

## **ADMINISTRATIVE PROCEDURE AND RELATED LITIGATION**

Some claims were previously filed and dismissed without prejudice with major errors so claims can be re-filed in court for a new lawsuit. The last federal court case was dismissed without cause because of the 22-month rule to destroy 2017 approached and within a week the ballots were voted to be destroyed.  However, plaintiff understands that the ballots are not the only way to a conviction.

## **DESIGNATION OF PLACE FOR TRIAL**

Plaintiff designates **X** Wichita, Kansas as the location for the trial in this matter.


## **REQUEST FOR TRIAL BY JURY**

Plaintiff requests trial by Jury **X** Yes.



/s/ CELISHA TOWERS_____

Dated__**7-26-2024**_____          Celisha Towers
                                     Pro Se (Temporary)
                                     (Address)11216 Delaware Pkwy #4409
                                     Kansas City, KS 66109
                                     (Fax) 913-717-9338
                                     (Email)Towersforsheriff@gmail.com