IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELISHA TOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-4024-JAR-ADM |
| ) | |
| MICHAEL ABBOTT et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION
## AND MEMORANDUM AND ORDER

On November 14, 2024, the court issued a Notice and Order to Show Cause noting that a number of defendants had not yet appeared, and that plaintiff Celisha Towers ("Towers") had not provided proof of valid service on them. (ECF 94.) The court therefore ordered Towers "to show good cause in writing . . . why service of the summons and amended complaint was not made in this case upon each of the aforementioned defendants within 90 days from the filing of the amended complaint and thus why the undersigned should not recommend that Towers' claims against them be dismissed without prejudice pursuant to Rule 4(m)." (ECF 94, at 2.) The Order to Show Cause acknowledged that "Towers attempted service via certified mail on all defendants" but "[n]othing on the docket shows that these defendants have been served with summons and the amended complaint." (*Id.* at 2.) In the three months since the issuance of the Order to Show Cause, Towers has filed a document titled "Statement of Service" containing USPS "Product, Tracking & Reporting" data, which she claims shows service of the summons and amended complaint via certified mail on each defendant identified in the Order to Show Cause. Towers has now moved the court to "be relieved" of the court's show cause order. (ECF 194.)

1

### I. Towers Did Not Properly Serve Defendants

Federal Rule of Civil Procedure 4(c) governs service of the summons and complaint. The rule states that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). It also states that service of a summons and complaint may be carried out by "any person who is at least 18 years old *and not a party*." FED. R. CIV. P. 4(c)(2) (emphasis added). Thus, because a plaintiff is a party to the lawsuit and Rule 4 expressly prohibits a party from effectuating service on a defendant, plaintiffs may not serve process themselves. This prohibition extends to mailed service. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Goico v. United States*, No. 20-1025-JWB, 2020 WL 5761438, at *3 (D. Kan. Sept. 28, 2020) ("Because Plaintiff personally mailed the summons, the court finds that the summonses are defective pursuant to Rule 4(c)(2)."); *Shophar v. United States*, No. 19-04052-HLT-KGG, 2019 WL 3573575, at *1 (D. Kan. Aug. 6, 2019) (rejecting the plaintiff's argument that the defendants were served by the U.S. Postal Service, finding that "there is no real dispute that Plaintiff . . . dispatched the summonses to Defendants . . . via certified mail," making the summonses "defective pursuant to Rule 4(c)(2).").

Here, the docket reflects that Towers herself dispatched the summonses and amended complaints to defendants via certified mail. Each filed notice, statement, or proof of service, each summons returned executed, and each U.S. Postal Service certified mail receipt indicates that Towers personally mailed the summonses, instead of a private process server or someone who meets Rule 4's requirements to be a process server (i.e., someone who is at least 18 and not a party). This does not satisfy Rule 4(c)(2)'s requirements.

Towers may try to contend that the summonses were properly served following Kansas state law, which permits service of process by certified mail. *See* KAN. STAT. ANN § 60-303(c).[1] But, even though Kansas state law permits the *method* of service of process used by Towers, Federal Rule of Civil Procedure 4(c)(2) governs the issue of *who* may effect service, and Towers, as a party, is ineligible. *See Turner v. ILG Techs., LLC*, No. 21-CV-04192-NKL, 2021 WL 6135561, at *2-*3 (W.D. Mo. Dec. 29, 2021) (holding that Fed. R. Civ. P. 4 does not permit a party to personally serve a summons and complaint, even if relevant state law permits service by certified mail); *Lambros v. United States*, No. 19-CV-1870, 2020 WL 5505909, at *6 (D. Minn. July 20, 2020) ("Even assuming [Plaintiff] met the service requirements of Rule 4(i)(1), his act of mailing the Summons and Complaint via certified mail himself does not meet the requirements for effective service under Rule 4(c)(2)."), *aff'd*, 850 F. App'x 464 (8th Cir. 2021); *Johnson-Richardson v. Univ. of Phoenix*, 334 F.R.D. 349, 353-57 (D.D.C. 2020) (holding that Fed. R. Civ. P. 4(c)(2) prevails even when service is made under Rule 4(e)(1)); *Judd v. F.C.C.*, 276 F.R.D. 1 (D.D.C. 2011) (holding that Rule 4 is violated when a plaintiff personally attempts to serve a defendant by mail); *Reading v. U.S.*, 506 F. Supp. 2d 13 (D.D.C. 2007) (holding that, by effectuating service on a defendant personally via certified mail, a pro se plaintiff violated Rule 4 requiring that service be made by any person who was not a party).

In conclusion, the court finds that Towers did not properly effectuate service on any defendant because she did not meet Rule 4's requirements for service of summons. She personally

---

[1] Rule 4 does allow service of process on some defendants by "following state law for serving a summons." *See* FED. R. CIV. P. 4(e)(1) (allowing parties to effectuate service on individuals by "following state law for serving a summons . . . in the state where the district court is located or where service is made"); FED. R. CIV. P. 4(h)(1) (same for service on a corporation, partnership or association), FED. R. CIV. P. 4(j)(2)(b) (similar provision for service on state or local governments).

dispatched the summonses via certified mail to each defendant instead of furnishing the necessary copies of the summons and amended complaint "to the person who makes service" and ensuring that such "person who makes service" is at least 18 and not a party. Therefore, Towers' attempted service is defective.

## II. The Court Grants Towers a Permissive Extension of Time to Effect Proper Service

More than 90 days have passed since Towers filed the amended complaint, thereby making service untimely under Rule 4(m). If a defendant is not timely served, the district court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." FED. R. CIV. P. 4(m).

Because Towers did not effect proper service within 90 days, this court proceeds to the good-cause analysis. The Tenth Circuit has established a two-step test for evaluating Rule 4(m) questions. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). The first question is "whether the plaintiff has shown good cause for the failure to timely effect service." *Id*. If so, the plaintiff is entitled to a mandatory extension of time. *Id*. Second, if the plaintiff has failed to show good cause, the district court may exercise its discretion and allow an extension of time, or it may dismiss the case without prejudice. *Id*. At the first step of the analysis, the court will not grant a mandatory extension because Towers has not shown good cause for failing to timely serve defendants. Towers' service-related filings in response to the court's show-cause order point only to her personal dispatch of the summonses and amended complaints on the defendants by certified mail—in contravention of Rule 4(c)(2)'s requirements that the process server be "at least 18 years old and not a party." The Tenth Circuit has interpreted the "good cause" standard of Rule 4(m) narrowly. *See In re Kirkland*, 86 F.3d 172, 174 (10th Cir. 1996). Towers has not shown good

4

cause for a mandatory extension of time. *See Value Place Franchise Servs., LLC v. Hugh Black-St. Mary Enterprises, Inc.*, No. 14-1152-DDC-KGS, 2015 WL 225790, at *3 (D. Kan. Jan. 16, 2015) ("Plaintiff bears the burden of showing good cause for failing to obtain service.").

Turning to step two, the court must determine whether a permissive extension is warranted. In making this determination, the court may weigh a variety of considerations, including whether the plaintiff tried but failed to effect service on the defendants, whether there are complex requirements of serving multiple defendants, whether the defendants had notice of the lawsuit, whether the defendants were prejudiced by the delay of service, and whether any policy consideration would justify granting an extension of time for service. *See Espinoza*, 52 F.3d at 841; *Forzani v. Peppy Prod.*, No. 18-CV-01715-RM-KLM, 2018 WL 5845051, at *4 (D. Colo. Nov. 8, 2018) (collecting cases), *report and recommendation adopted as modified*, No. 18-CV-01715-RM-KLM, 2018 WL 6791100 (D. Colo. Dec. 3, 2018); *Blackmon v. U.S.D. 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1275 (D. Kan. 2011) ("In determining whether to grant a permissive extension, several factors are appropriate to consider, including whether defendant was on notice of the lawsuit, whether defendant has been prejudiced by delay of service, and whether the applicable statute of limitations would bar the refiling of the action."). Several factors weigh in favor of Towers. Many, if not all, of the defendants are at least on notice of the lawsuit because they received the summons and amended complaint via certified mail, despite the service being improper under Rule 4. Second, given the large number of defendants, Towers' amendment of her complaint (leading to two rounds of service for her original and amended complaints on all 77 defendants), and the confusion surrounding her improper service of process, this case has progressed slowly, and the case is still in its infancy. Consequently, the court finds that the delay

in effectuating proper service has not prejudiced any defendant. Under these circumstances, the court finds that a permissive extension of time to effectuate service is warranted.

Accordingly, the court orders Towers to effectuate proper service of summons and the amended complaint on the following defendants who have not yet appeared in this action: Mount Zion Missionary Baptist Church; C. L. Bachus; Calgary Bible Church Association; Open Door Baptist Church Association; Bible Temple Baptist Church; Mt. Carmel Church of God in Christ Inc.; Trinity Community Church; London Heights Baptist Church; Bethel Seven-Day Adventist; Rio De Agua Viva Apostolic Church; St. Andrews Missionary Baptist Church Incorporated Kansas City, Kansas; Kansas Chin Baptist Church; Stephanie Grady; Kyla Esparza; Elizabeth Hernandez; Angela Markley; Jim Walters; John Rios; Larry Roland; Ricky Bragg; Ruth Benien; Robert Harder; Scott Schwab; and Meredith Sullivan.[2]

**IT IS THEREFORE RECOMMENDED** that the district judge not dismiss Towers' amended complaint for failing to timely effectuate service on the above-named defendants.

**IT IS FURTHER ORDERED** that Towers' Motion to Be Relieved of the court's show cause order (ECF 194) is denied because Towers has not effectuated proper service on the above-named defendants who have not yet appeared in this action.

**IT IS FURTHER ORDERED** that, within 30 days of this order, Towers must effectuate proper service on the above-named defendants who have not yet appeared in this action.

---

[2] Of these defendants, Towers has filed applications for clerk's entry of default as to defendants Robert Harder, Scott Schwab, and Meredith Sullivan. (ECF 77, 89, 90.) However, because these defendants were not properly served with summons and the amended complaint, entry of default is not appropriate.

**IT IS SO ORDERED.**

Dated February 18, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
