IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELISHA TOWERS,<br><br>      **Plaintiff,**<br><br>      v.<br><br>UNIFIED GOVERNMENT OF<br>WYANDOTTE COUNTY, et al.,<br><br>      **Defendants.** | Case No. 24-4024-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiff Celisha Towers filed this § 1983 suit against nearly 80 defendants alleging several constitutional and statutory claims. But the Court does not reach the merits of those claims because Plaintiff has failed to perform a necessary first step of litigation: she has yet to properly serve the Defendants. Several matters are pending before the Court. Magistrate Judge Angel Mitchell has filed a Report and Recommendation (Doc. 208), to which Plaintiff has filed a Statement of Objections.[1] The following motions to dismiss are also pending: the Unified Government of Wyandotte County/Kansas City, Kansas's ("Unified Government") Motion to Dismiss (Doc. 34), the Kansas City, Kansas Community College's Motion to Dismiss (Doc. 75), Matthew Watkins's Motion to Dismiss (Doc. 95), the Kansas City, Kansas Housing Authority's Motion to Dismiss (Doc. 123), and MPHS, LLC's Motion to Dismiss (Doc. 172).[2] The Court

---

[1] Doc. 210.

[2] The Court does not address in this memorandum and order the DCF Defendants' Motion to Dismiss (Doc. 70). The Court resolves the pending motions mentioned above under Fed. R. Civ. P. 12(b)(5). Because the DCF Defendants do not move for dismissal on the basis of defective service, the Court does not decide that motion here. And by failing to raise insufficient process in its motion to dismiss, it has waived that defense. *See* Fed. R. Civ. P. 12(h)(1)(A).

has granted motions to join in the Unified Government's Motion to Dismiss.[3] As explained more fully below, the Court overrules Plaintiff's objections and adopts the Report and Recommendation. And construing the motions as motions in part to quash service, the Court quashes service and otherwise denies the motions.

## I. Report and Recommendation

In the Report and Recommendation, Magistrate Judge Mitchell addresses Plaintiff's failure to properly serve several Defendants who have yet to appear in this action. First, she concluded that Plaintiff's service attempts thus far have been defective because Plaintiff herself tried to effect service, which Federal Rule of Civil Procedure 4(c)(2) prohibits, by personally dispatching the summons and complaint.[4] Next, Magistrate Judge Mitchell granted a permissive extension of time under Rule 4(m) for Plaintiff to properly serve the nonappearing Defendants.

Federal Rule of Civil Procedure 72(b)(2) governs objections to a magistrate judge's Report and Recommendation: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."

Plaintiff has filed objections to the Report and Recommendation, all of which the Court overrules.[5] Setting aside Plaintiff's personal attacks against Magistrate Judge Mitchell, Plaintiff first objects that the United States Postal Service served Defendants, not her. But here, as

---

[3] Michael Abbott, Danielle Abbott, Marni Arevalo, SueZanne Bishop, Nancy Burns, Tom Burroughs, Melissa Bynum, Andrew Carver, Center Pointe Community Church, Jeff Conway, Henry Couchman, Mary Gonzales, Haven Baptist, Heart of America Region Volleyball, Hope Chapel, Zachary Hunt, Mike Kane, Emmit Lockridge, Brian McKeirnan, Bruce Newby, New Story Baptist, Oak Ridge Missionary Baptist, Reed Patridge, Jane Philbrook, Rainbow Boulevard Mennonite, Christian Ramirez, Kim Rivera, Frances Shepard, Daniel Soptic, Carla Soptic, Sunset Hills Christian Church, Ernesto Terrazas, David Thaxton, Ian Tomasic, Gayle Townsend, Tom Wiss, and Joseph Wittman. Doc. 72. Wyandotte Tabernacle and Stevie Wakes. Doc. 74. Olivet Institutional Baptist Church. Doc. 81.

[4] Doc. 208 at 2.

[5] Doc. 210.


Magistrate Judge Mitchell pointed out and previous cases in this district have held, that argument fails where "there is no real dispute that [Plaintiff] *dispatched* the summonses to Defendants."[6] That is because the Tenth Circuit has instructed that a party cannot be the one to "place the summons and complaint in the mail,"[7] regardless of the person who actually delivers the mail. Second, Plaintiff objects that *Constien v. United States*, which held that a Plaintiff cannot personally dispatch the summons and complaint,[8] is inapplicable here. Plaintiff is correct that *Constien* addressed serving the United States under Rule 4(i), but the nonparty requirement comes from Rule 4(c)(2), which *Constien* does address and found dispositive.[9] The Court acknowledges that "one could question the wisdom"[10] of applying Rule 4(c)(2) in this way, but a rule it remains, and Plaintiff has not complied with it.

The Court overrules Plaintiff's objections and after a *de novo* determination upon the record pursuant to Fed. R. Civ. P. 72(b), the Court accepts as its own the Report and Recommendation (Doc. 208).

### A. Motions to Dismiss Under Rule 12(b)(5)

Though Defendants bring their motions to dismiss under Rule 12(b)(6), they all argue in part that Plaintiff has not properly served them,[11] an issue properly raised under Rule 12(b)(5). The Court uses its discretion to construe the motions to dismiss as motions to dismiss under

---

[6] *See Shophar v. United States*, No. 19-4052-HLT-KGG, 2019 WL 3573575, at *1 (D. Kan. Aug. 6, 2019) (emphasis added).

[7] *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Doc. 34 at 4; Doc. 75 at 4 (joining Defendant Wyandotte County's motion to dismiss, which includes insufficient-service argument); Doc. 95 at 3; Doc. 123 at 3; Doc. 172 at 3.

Rules 12(b)(5) and 12(b)(6).[12] And though the parties offer different theories for deficient service, Defendants have properly raised the issue of defective service, so the "court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law."[13]

As noted above, the Court has adopted the Report and Recommendation issued by Magistrate Judge Mitchell, which found that Plaintiff has failed to properly serve the nonappearing Defendants. Magistrate Judge Mitchell's reasoning also extends to the Defendants who have moved to dismiss under Rule 12(b)(5), and the Court adopts that reasoning here. Federal Rule of Civil Procedure 4(c)(2) does not permit a party to effect service, so Plaintiff cannot be the one who "place[s] the summons and complaint in the mail."[14] Though Plaintiff's service has been defective, when service is "insufficient but curable," a court does not ordinarily dismiss the complaint; instead, "it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant."[15] Therefore, though Plaintiff has failed to properly serve Defendants, the Court will quash the attempted service against them rather than dismiss.

The Court will, however, extend the time for Plaintiff to serve the Defendants who have moved to dismiss. When considering whether to dismiss a plaintiff's action for failure to timely effect service under Rule 4(m) or extend the time to serve, the Tenth Circuit has articulated a

---

[12] *See Hickman v. LSI Corp.*, No. 11-1039-JAR, 2011 WL 1899270, at *3 (construing Rule 12(b)(6) motion as Rule 12(b)(1) motion); *Beauprez v. Bayer Healthcare Pharms., Inc.*, No. 14-649, 2015 WL 11111298, at *2 (D.N.M. Aug. 21, 2015); *Heartland Ceramic Applications, Inc. v. Pro-tek-USA, LLC*, No. 15-CV-242, 2016 WL 447498, at *1 (N.D. Okla. Feb. 4, 2016).

[13] *Baca v. Cosper*, No. 23-2159, 2025 WL 582620, at *5 n.5 (10th Cir. Feb. 24, 2025) (published).

[14] *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

[15] *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, 645 F. Supp. 3d 1177, 1182 (D. Kan. 2022) (internal quotation marks omitted) (quoting *Gregory v. U.S./U.S. Bankruptcy Court*, 942 F.2d 1498, 1500 (10th Cir. 1991)); 5B Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, *Federal Practice and Procedure* § 1354 (4th ed. 2024) ("[S]ervice will generally be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly.").

two-step framework that guides the Court's analysis.  At the first step, the district court must inquire whether the plaintiff has demonstrated good cause for the failure to timely effect service.[16]  Good cause requires the plaintiff to show "meticulous efforts to comply with the rule";[17] mistakes or "ignorance of the rules" is rarely sufficient.[18]  If the plaintiff shows good cause, she is entitled to a mandatory extension of time to effect proper service.[19]  At the second step, even in the absence of good cause, the court may in its discretion grant a permissive extension of time.[20]  Relevant factors for the court to consider when deciding whether to grant a permissive extension include whether the defendant had actual notice of the lawsuit, the danger of prejudice to the defendant, the length of the delay, and whether the applicable statute of limitations would bar a re-filed action.[21]

Consistent with Magistrate Judge Mitchell's Report and Recommendation, the Court finds that, though Plaintiff is not entitled to a mandatory extension of time, she should receive a permissive extension of time to serve the Defendants who have moved to dismiss.  Plaintiff's failure to comply likely stems from an unfamiliarity with the rules, which the Tenth Circuit has deemed insufficient to warrant a mandatory extension.[22]  But the factors for a permissive extension weigh in Plaintiff's favor, as explained by Magistrate Judge Mitchell.  All Defendants

---

[16] *Murphy v. City of Tulsa*, 556 F. App'x 664, 667 (10th Cir. 2014) (quoting *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995)).

[17] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)).

[18] *Id.* (first citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); and then citing *Despain*, 13 F.3d at 1439).

[19] *Murphy*, 556 F. App'x at 667.

[20] *Id.*

[21] *See, e.g.*, *Moore v. Teamsters Local 41*, No. 14-2122, 2015 WL 859074, at *2 (D. Kan. Feb. 27, 2015) (citations omitted); *Hopkins v. Clinton*, No. CV 09-185, 2009 WL 10665432, at *2 (D.N.M. Oct. 30, 2009) (citing *Espinoza*, 52 F.3d at 841−42).

[22] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (first citing *Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987); and then citing *Despain*, 13 F.3d at 1439).

who have moved to dismiss are aware of the suit; the suit is still in its initial stages, so the extension will not prejudice Defendants. The Court therefore grants Plaintiff an extension of time to properly serve the Defendants.

Plaintiff's failure to serve Defendants has one other consequence here: the Court lacks personal jurisdiction over the Defendants. Plaintiff must validly serve process on a defendant under Fed. R. Civ. P. 4 before the Court can exercise personal jurisdiction over a defendant.[23] And without personal jurisdiction, a court cannot proceed to consider a case's merits, so it is barred from considering the Rule 12(b)(6) grounds for dismissing the case.[24] Given Plaintiff's failure to serve Defendants, the Court must stop short of considering the merits of Plaintiff's claims because personal jurisdiction has not been established over Defendants. The Court therefore otherwise denies the motions under Fed. R. Civ. P. 12(b)(6) without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's objections are **overruled and denied**, and the Court adopts as its own Magistrate Judge Angel D. Mitchell's Report and Recommendation (Doc. 208).

**IT IS FURTHER ORDERED BY THE COURT** that the Unified Government's Motion to Dismiss (Doc. 34), the Kansas City Kansas Community College's Motion to Dismiss (Doc. 75), Matthew Watkins's Motion to Dismiss (Doc. 95), and the Kansas City Kansas Housing Authority's Motion to Dismiss (Doc. 123), and MPHS, LLC's Motion to Dismiss (Doc.

---

[23] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016).

[24] *OMI Holdings, Inc. v. Royal Ins. Co. of Can.*, 149 F.3d 1086, 1090 (10th Cir. 1998) ("Because a court without jurisdiction over the parties cannot render a valid judgment, we must address Defendants' personal jurisdiction argument before reaching the merits of the case." (citing *Leney v. Plum Grove Bank*, 670 F.2d 878, 879 (10th Cir. 1982))); *Birch v. Sprint/Nextel Corp.*, 675 F. App'x 821, 824 (10th Cir. 2017) (reversing district court's merits dismissal because the district court should have "dismissed [plaintiff's] claims without prejudice" once it found "that it lacked personal jurisdiction over the defendant," (citing *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002))).

172), all of which the Court construes in part as motions to quash service, are **granted**. The motions are otherwise **denied without prejudice**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff shall have until **April 4, 2025,** to effect proper service on the following Defendants: Unified Government of Wyandotte County/Kansas City, Kansas; Michael Abbott; Danielle Abbott; Marni Arevalo; SueZanne Bishop; Nancy Burns; Tom Burroughs; Melissa Bynum; Andrew Carver; Center Pointe Community Church; Jeff Conway; Henry Couchman; Mary Gonzales; Haven Baptist; Heart of America Region Volleyball; Hope Chapel; Zachary Hunt; Mike Kane; Emmit Lockridge; Brian McKeirnan; Bruce Newby; New Story Baptist; Oak Ridge Missionary Baptist; Reed Patridge; Jane Philbrook; Rainbow Boulevard Mennonite; Christian Ramirez; Kim Rivera; Frances Shepard; Daniel Soptic; Carla Soptic; Sunset Hills Christian Church; Ernesto Terrazas; David Thaxton; Ian Tomasic; Gayle Townsend; Tom Wiss; Joseph Wittman; Wyandotte Tabernacle; Stevie Wakes; Olivet Institutional Baptist Church; Kansas City, Kansas Community College; Matthew Watkins; Kansas City, Kansas Housing Authority; and MPHS, LLC.

**IT IS SO ORDERED.**

Dated: March 7, 2025

<div style="text-align: right;">
S/ Julie A. Robinson  
JULIE A. ROBINSON  
UNITED STATES DISTRICT JUDGE
</div>