IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELISHA TOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 24-4024-JAR-ADM |
| ) | |
| MICHAEL ABBOTT et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the court on two motions filed by pro se plaintiff Celisha Towers ("Towers") relating to service of process on the defendants. The first motion seeks to have service effectuated by the United States Marshals Service ("USMS") or by a specially appointed process server. (ECF 214.) The second motion seeks an additional 30 days for Towers to effectuate service on the defendants. (ECF 218.) For the reasons discussed below, the court denies the first motion and grants the second motion.

As explained in the undersigned's Report and Recommendation dated February 18, 2025, Towers has not properly served a number of defendants because Towers tried to serve them by personally dispatching the summons and complaint, which is prohibited by Federal Rule of Civil Procedure 4(c)(2). (ECF 208.) The district judge agreed and adopted the undersigned's Report and Recommendation on March 7. (ECF 212.) Accordingly, Towers was ordered to properly effectuate service on the following defendants who had not yet appeared in this action: Mount Zion Missionary Baptist Church; C. L. Bachus; Calgary Bible Church Association; Open Door Baptist Church Association; Bible Temple Baptist Church; Mt. Carmel Church of God in Christ Inc.; Trinity Community Church; London Heights Baptist Church; Bethel Seven-Day Adventist; Rio De Agua Viva Apostolic Church; St. Andrews Missionary Baptist Church Incorporated Kansas

1

City, Kansas; Kansas Chin Baptist Church; Stephanie Grady; Kyla Esparza; Elizabeth Hernandez; Angela Markley; Jim Walters; John Rios; Larry Roland; Ricky Bragg; Ruth Benien; Robert Harder; Scott Schwab; and Meredith Sullivan.  (ECF 208, at 6.)

The district judge further ruled that this reasoning regarding improper service also extended to the defendants who had appeared in the action and had moved to dismiss under Rule 12(b)(5).  As a result, the district judge quashed service on those defendants rather than dismissing them.  (ECF 212, at 4.)  The district judge then granted Towers an extension of time, to April 4, 2025, to properly effectuate service on the following defendants who had filed motions to dismiss: Unified Government of Wyandotte County/Kansas City, Kansas; Michael Abbott; Danielle Abbott; Marni Arevalo; SueZanne Bishop; Nancy Burns; Tom Burroughs; Melissa Bynum; Andrew Carver; Center Pointe Community Church; Jeff Conway; Henry Couchman; Mary Gonzales; Haven Baptist; Heart of America Region Volleyball; Hope Chapel; Zachary Hunt; Mike Kane; Emmit Lockridge; Brian McKeirnan; Bruce Newby; New Story Baptist; Oak Ridge Missionary Baptist; Reed Patridge; Jane Philbrook; Rainbow Boulevard Mennonite; Christian Ramirez; Kim Rivera; Frances Shepard; Daniel Soptic; Carla Soptic; Sunset Hills Christian Church; Ernesto Terrazas; David Thaxton; Ian Tomasic; Gayle Townsend; Tom Wiss; Joseph Wittman; Wyandotte Tabernacle; Stevie Wakes; Olivet Institutional Baptist Church; Kansas City, Kansas Community College; Matthew Watkins; Kansas City, Kansas Housing Authority; and MPHS, LLC.

On March 31, Towers filed a motion asking the court to order that service on defendants be made by the USMS or by a person specially appointed by the court pursuant to Federal Rule of Civil Procedure 4(c)(3).  (ECF 214.)  Towers explains that she has had "extreme difficulty in effectuating the service through process server in the last 20 days since the parties know that the

lawsuit requires another service" and she "wants to ensure that service is done properly." (ECF 215, at 1-2.) On April 1, Towers filed a motion for a 30-day extension of time to effectuate service on the defendants pursuant to Fed. R. Civ. P 4(m) "due to unforeseen difficulties in locating the Defendants" within the time given. (ECF 218, 219.)

Generally, "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FED. R. CIV. P. 4(c)(1). However, Rule 4(c)(3) provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." FED. R. CIV. P. 4(c)(3). "[W]here, as here, Plaintiff is not proceeding [in forma pauperis], the decision whether to order the U.S. Marshal to serve the Summons and Complaint is left to the sound discretion of the Court." *Freeman v. Raytheon Techs. Corp.*, No. 22-CV-01161, 2022 WL 1984163, at *2 (D. Colo. June 6, 2022) (quoting *Palmer v. City & Cnty. of Denver*, No. 18-cv-01003, 2019 WL 1118025, at *2 (D. Colo. Jan. 8, 2019)). In guiding courts in the exercise of this discretion, the Advisory Committee Notes to Rule 4 state that a court should order service "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace," and in actions brought by the United States. FED. R. CIV. P. 4(c) Adv. Comm. Notes to 1993 Amendments. Some courts also consider whether "the plaintiff is unable to resort to private service or other reasonable methods of effecting service privately have been exhausted." *Matthews v. Int'l House of Pancakes, Inc.*, No. CV 08-3595, 2008 WL 11354946, at *1 (E.D. La. Nov. 10, 2008).

Based on the record before the court, no apparent circumstances exist that warrant an order requiring the USMS or other court-appointed person to serve the summons and amended complaint on all of the defendants named above. Towers has not shown that law enforcement presence is

needed to safely effectuate service, nor is this action brought by the United States. Further, Towers has not shown that she has exhausted all reasonable private methods available to effectuate service. *See, e.g., Ovalle v. Fresno Bee Newspapers*, No. CV08-6751, 2009 WL 398094, at *1 (C.D. Cal. Feb. 13, 2009) (denying pro se plaintiff's motion to serve defendants where, among other things, "[p]laintiff has provided no proof of his lack of ability or resources" to serve the summons and complaint); *Weidman v. Blackstone Grp.*, No. 14-CV-3785, 2015 WL 1097385, at *5 (N.D. Ga. Mar. 11, 2015) (denying motion for service of process where, among other things, the pro se plaintiff failed to show "that she cannot retain a private process server or other person to serve process"). Towers' motion suggests she has already engaged a process server, but service has been difficult "since the parties know that the lawsuit requires another service." (ECF 215, at 1.) The USMS or court-appointed process server will have the same difficulties if defendants are truly attempting to dodge service. Towers also states that she "will pay the court fees charged to utilize the service" of the USMS or court-appointed process server (ECF 214, at 1), so it is not as if Towers is financially unable to privately effectuate service.

Lastly, Towers states that she "wants to ensure that service is done properly and that all the defendants addresses are current." (ECF 215, at 2.) She notes "unforeseen difficulties in locating the Defendants . . . at their current addresses for acceptance" of process. (ECF 218, at 1.) But even if the court were to order the USMS to effectuate service, it would still be the plaintiff's burden to submit addresses at which the USMS could serve the named defendants. *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007); *Thompson v. Williams*, No. 21-CV-00602-RM-KMT, 2021 WL 4748663, at *2 (D. Colo. Oct. 12, 2021). Therefore, service by the USMS or court-appointed process server will not alleviate any difficulties she claims to be having in locating the defendants.

In sum, Towers is not proceeding in forma pauperis and does not provide any valid reason why the court should order service on her behalf.  To be clear, the court appreciates that it may be onerous to effectuate service of process on all of the defendants in this action given their sheer number.  However, that is a result of her own choice to bring this case against so many defendants.  And while it is certainly her prerogative to do so, it is not a valid justification to shift the burden to the USMS or the court to effectuate service of process on defendants.  That is Towers' responsibility.  The court therefore denies Towers' motion for service by the USMS or a court-appointed process server.

As for Towers' second motion, the court grants Towers her requested extension of time to effect proper service on the defendants.  Towers requested "an extension of thirty (30) days from the original deadline to effectuate service" so that "the case may proceed without further delay." (ECF 218, at 2.)  Thus, service on all defendants named above must be accomplished no later than **May 5, 2025**.  As the court previously explained, service of a summons and complaint may be carried out by "any person who is at least 18 years old *and not a party*."  FED. R. CIV. P. 4(c)(2) (emphasis added).  Thus, Towers may not serve process herself, but she can use any nonparty who is 18 or older to effect service by any authorized method, including Towers' previous method of certified mail, so long as the authorized process server—not Towers—effectuates the service. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail.").

One final cautionary note.  The court is unlikely to grant any further extensions of this deadline.  The court has already granted Towers significant latitude to properly effect service of process on the defendants well beyond the time period set forth in Federal Rule of Civil Procedure 4(m).  At this point, the saga of accomplishing service has gone on for too long and consumed too

many resources of both the court and the parties. Accordingly, Towers should expect that the undersigned will recommend that the presiding district judge dismiss Towers' claims against any defendants for whom Towers has not filed a return of summons showing service by **May 5, 2025**.

**IT IS THEREFORE ORDERED** that Towers' motion to effectuate service using the U.S. Marshals Service or court-appointed process server (ECF 214) is denied.

**IT IS FURTHER ORDERED** that Towers' motion for extension of time to effectuate service (ECF 218) is granted. Towers must effectuate proper service on all defendants named above by no later than **May 5, 2025**.

**IT IS SO ORDERED.**

Dated April 15, 2025, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge