## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELISHA TOWERS, | |
| **Plaintiff,** | |
| v. | Case No. 24-4024-JAR-ADM |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, et al., | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

Plaintiff Celisha Towers, proceeding pro se, filed this suit against nearly 80 defendants alleging claims under 42 U.S.C. § 1983 and several other federal statutes. Pending before the Court are the Kansas Department of Children and Families Defendants' (the "DCF Defendants")[1] Motion to Dismiss (Doc. 70); the Kansas City Kansas Community College's Motion to Dismiss Amended Complaint (Doc. 301); Matthew Watkins and MPHS, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 303); the Kansas City Kansas Housing Authority's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 305); and the Unified Government of Wyandotte County/Kansas City, Kansas Defendants' ("Unified Government Defendants")[2] Motion to Dismiss Plaintiff's Amended Complaint (Doc. 251) and Amended

---

[1] These Defendants include DCF, Winston Barton, Laura Howard, Dennis Taylor, and Donna Whiteman.

[2] These Defendants include Danielle Abbott, Michael Abbott, Daniel Anderson, Marni Arevalo, Don Ash, Doug Bach, Suzanne Bishop, Nancy Burns, Tom Burroughs, Melissa Bynum, Calvary Bible Church Association, Andrew Carver, Center Pointe Community Church, Jeffrey Conway, Henry Couchman, Jr., Mary Gonzales, Stephanie Grady, Haven Baptist Church, Heart of America Region Volleyball Association, Hope Chapel, Zachary Hunt, Mike Kane, Emmit Lockridge, London Heights Baptist Church, Angela Markley, Brian McKeirnan, New Story Baptist Church, Bruce Newby, Oak Ridge Missionary Baptist Church, Olivet Institutional Baptist Church, Open Door Baptist Church Association, Reed Patridge, Jane Philbrook, Rainbow Boulevard Mennonite Church Inc., Christian Ramierez, Kim Rivera, Frances Shepard, Carla Soptic, Daniel Soptic, Sunset Hills Christian Church, Inc., Ernesto Terrazas, David Thaxton, Ian Tomasic, Gayle Townsend, Unified Government of Wyandotte County and Kansas City, Kansas, Stevie Wakes, Jim Walters, Thomas L. Wiss, Joseph Wittman, and Wyandotte Tabernacle.

Motion to Dismiss Plaintiff's Amended Complaint (Doc. 307). These motions are fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court grants Defendants' motions to dismiss.

## I.     Subject Matter Jurisdiction

The DCF Defendants move to dismiss the claims against them for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) based on lack of standing and Eleventh Amendment immunity. Because subject matter jurisdiction is a threshold issue the Court addresses it first.[3] Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[4] The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[5] and "[m]ere conclusory allegations of jurisdiction are not enough."[6]

The Amended Complaint specifically refers to the DCF Defendants in Claim One only—"Sexual Abuse in Foster Care Violating Plaintiff's Child Constitutional Rights 18 U.S.C. § 2242."[7] Plaintiff alleges that the DCF Defendants, at various stages of her childhood, failed to keep her free from the sexual abuse that she suffered while in foster care. She does not, however, allege any facts about the DCF Defendants that connect to her other claims. Her other claims deal with alleged election fraud, and employment discrimination and retaliation issues. The Court therefore construes Plaintiff's Amended Complaint as bringing only one claim against the DCF Defendants—Claim One brought under 18 U.S.C. § 2242.

---

[3] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[4] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[5] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[6] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[7] *See* Doc. 26 ¶¶ 1–3.

The DCF Defendants' first move to dismiss for lack of standing because 18 U.S.C. § 2242 is a criminal statute that "do[es] not provide" a "private civil cause[] of action[]."[8] Although Defendants are correct that § 2242 does not provide Plaintiff with a private right of action, this argument implicates the merits of her claim and not the Court's jurisdiction. Therefore, the Court addresses it below under its analysis of Defendants' Fed. R. Civ. P. 12(b)(6) motions.

Defendants next move to dismiss based on Eleventh Amendment immunity to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 against DCF and the individual DCF Defendants in their official capacities. "Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[9] Sovereign immunity thus "bars suits for money damages against states, state agencies, and state officers in their official capacities."[10] The Tenth Circuit has explained that "[t]he arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states."[11]

Sovereign immunity does not apply when a state waives its immunity, and in some circumstances, Congress may abrogate states' sovereign immunity by appropriate legislation.[12] "But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."[13] A valid waiver of sovereign immunity "cannot be implied but must be

---

[8] *Tucker v. U.S. Court of Appeals for the Tenth Circuit*, 815 F. App'x 292, 294 (10th Cir. 2020) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *see Semper v. Bessent*, No. 25-4022, 2025 WL 2046427, at *3 (10th Cir. July 22, 2025) ("[C]riminal statutes do not provide a private cause of action.").

[9] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011).

[10] *Chilcoat v. San Juan County*, 41 F.4th 1196, 1213–14 (10th Cir. 2022).

[11] *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996)).

[12] *Va. Off. for Prot. & Advoc.*, 563 U.S. at 253–54.

[13] *Id.* at 254.

unequivocally expressed."[14]  Similarly, "Congress' intent to abrogate the States' immunity from

suit must be obvious from 'a clear legislative statement.'"[15]  Because there has been no waiver or

valid abrogation by the State of Kansas for the § 2242 claim asserted by Plaintiff against DCF in

this action, the Court must dismiss those claims for damages because DCF is a state agency.

In sum, Plaintiff's Claim One against the DCF Defendants in their official capacities is

dismissed for lack of subject matter jurisdiction.

## II.    **Insufficient Service of Process**

The remaining motions seek dismissal for insufficient service of process.  "When a

defendant moves to dismiss based on insufficient service of process under Rule 12(b)(5), the

burden shifts to the plaintiff to make a prima facie showing that [s]he served process properly."[16]

In ruling on a Rule 12(b)(5) motion to dismiss, the "court may consider any 'affidavits and other

documentary evidence' submitted by the parties and must resolve any 'factual doubt' in a

plaintiff's favor."[17]  "A pro se plaintiff still must comply with Rule 4 and Kansas law for service

of process."[18]

This is Plaintiff's second attempt at service for most of the Defendants.[19]  This time, she

followed different methods of service for different groups of Defendants.  Plaintiff attempted to

serve a large group of Defendants[20] in two steps: (1) Tyrese Gregory taped a copy of the

---

[14] *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

[15] *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996) (quoting *Blatchford v. Native Vill. of Noatak & Circle Vill.*, 501 U.S. 775, 786 (1991)).

[16] *Schwab v. Kansas*, No. 16-4033, 2016 WL 4039613, at *3 (D. Kan. July 28, 2016).

[17] *Id.* (quoting *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008)).

[18] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

[19] *See* Doc. 212 (recounting Plaintiff's first attempt at service).

[20] These Defendants are Center Point Community Church, Haven Baptist Church, Heart of America Regional Volleyball Association, Hope Chapel, New Story Baptist Church, Oak Ridge Missionary Baptist Church, Olivet Institutional Baptist Church, Reed Patridge, Jane Philbrook, Rainbow Boulevard Mennonite Church, Christian Ramirez, Kim Rivera, Sunset Hills Christian Church, Wyandotte Tabernacle, Ian Tomasic, Gayle

Amended Complaint and summons to the door of the MVP law firm, and (2) Nicole Trevillion mailed by UPS First-Class Express Service a copy of the Amended Complaint and summons to the MVP law firm.

Plaintiff followed a similar strategy to serve Defendants Calvary Bible Church Association, London Heights Baptist Church, and Open Door Baptist Church—Gregory taped a copy of the Amended Complaint and summons to the entry door of each church; Trevillion then mailed by UPS First-Class Express Service a copy of the Amended Complaint and summons to their addresses.

Finally, Plaintiff attempted to serve a large group of Defendants affiliated with the Unified Government[21] by (1) having Gregory first hand deliver a copy of the Amended Complaint and summons to "Anita" in the Unified Government's Sheriff's Office, and (2) having Trevillion mail by UPS First-Class Express Service a copy of the Amended Complaint and summons to an attorney in the Unified Government's Legal Department—Daniel Kuhn. Someone named "Teasley" signed for that delivery at the front desk.

The Court agrees with Defendants that all of Plaintiff's various attempts at service are insufficient under Fed. R. Civ. P. 4 and the Kansas service rules.

---

Townsend, Joseph Wittman, Stevie Wakes, Thomas Wiss, Board of Trustees of the Kansas City Kansas Community College, Matthew Watkins, MPHS, LLC, and Kansas City, Kansas Housing Authority.

Counsel for the Unified Government indicates in its brief that it offered to represent Hope Chapel but has not received a reply. Doc. 308 at 4 n.3. But Hope Chapel is one of the Defendants identified in the opening paragraph of its motion (it is the Defendant identified in paragraph 32 of the Amended Complaint), and the docket reflects that counsel has appeared on its behalf. *See* Docs. 72, 217. The Court therefore considers Doc. 307 as including Hope Chapel.

[21] These Defendants are the Unified Government, Michael Abbott, Danielle Abbott, Marni Arevalo, Suzanne Bishop, Nancy Burns, Tom Burroughs, Melissa Bynum, Andrew Carver, Jeffrey Conway, Henry Couchman, Mary Gonzales, Zachary Hunt, Mike Kane, Emmitt Lockridge, Brian McKeirnan, Doug Bach, Don Ash, Daniel Anderson, Stephanie Grady, Bruce Newby, Frances Shepard, Daniel Soptic, Carla Soptic, Ernesto Terrazas, Jim Walters, Angela Markley, and David Thaxton.

### A.    Individuals

Under Rule 4(e)(1), an individual can be served by following state law for either the state where the district court is located or the state where service is made.  Alternatively, the plaintiff can follow Rule 4(e)(2) by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff did not follow Rule 4(e)(2) for any of the individuals in this case because she did not deliver a copy of the summons and Amended Complaint to them personally, nor did she leave a copy at their dwelling or usual place of abode.[22]  Instead, Plaintiff's process server left the summonses on the doors of the churches, the MVP law firm, or at the Unified Government, addressed to Kuhn.  There is no evidence that the MVP law firm, or these individuals' employers, were agents authorized to accept service on these individuals' behalf.

Plaintiff's service on these individuals was also insufficient under Kansas law.  Plaintiff has not demonstrated, as required by K.S.A. § 60-303(d)(3), that Gregory or Trevillion were "appointed as a process server by a judge or clerk of the district court."[23]  And, assuming Gregory or Trevillion were authorized to serve the individual Defendants, she still needed to serve the correct person—and she did not.  Plaintiff has not demonstrated that any person at the

---

[22] Although Plaintiff checked the box on the proof of service form, she filed that she served the summons "at the individual's residence or usual place of abode," via UPS, she did not include a return receipt or an address for any of these forms.  *See, e.g.*, Doc. 230.  When the Court searched the tracking numbers provided on Plaintiff's proof of service forms, they indicate they were delivered to Kansas City, Kansas and received by "Teasley."

[23] K.S.A. § 60-304(a).  This provision differs from Rule 4(c)(2), which permits service by "any person who is at least 18 years old and not a party."

MVP law firm, Kuhn, or the churches themselves were "agent[s] authorized by appointment or law to receive service of process" on behalf of any of the individual defendants.[24] "Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service."[25]

In sum, Plaintiff's service on the individual defendants was insufficient under Rule 4 and Kansas law.

### B.    Corporations, Partnerships, or Associations

Under Rule 4(h), which applies to service on corporations, partnerships, or associations, Plaintiff was required to follow Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.[26] Under Kansas law, Plaintiff was required to serve a business entity by:

> (1) Serving an officer, manager, partner or a resident, managing or general agent;
>
> (2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or
>
> (3) serving any agent authorized by appointment or by law to receive service of process, and if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

---

[24] K.S.A. §§ 60-303, 60-304(a).

[25] *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, 645 F. Supp. 3d 1177, 1181 (D. Kan. 2022). Kansas law sets forth a procedure in K.S.A. § 60-304 that applies when a defendant's address is unknown. That statute requires the plaintiff to file an affidavit or declaration stating that the defendant's place of residence is unknown to the best of her knowledge, and then request that the sheriff or other authorized person serve the defendant. K.S.A. § 60-304(h). Plaintiff did not avail herself of this provision either.

[26] Fed. R. Civ. P. 4(h)(1)(B).

> Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business.[27]

For Defendants Calvary Bible Church Association, London Heights Baptist Church, Hope Chapel, Open Door Baptist Church, Center Point Community Church, Haven Baptist Church, Heart of America Regional Volleyball Association, New Story Baptist Church, Oak Ridge Missionary Baptist Church, Olivet Institutional Baptist Church, Rainbow Boulevard Mennonite Church, Sunset Hills Christian Church, Wyandotte Tabernacle, MPHS, LLC, and Kansas City, Kansas Housing Authority, Plaintiff has not shown that she effected service through any of these options provided under Kansas law.  Instead, she left a copy of the summons and Amended Complaint on the doors of the churches or at the MVP law firm; she did not leave it at any of their business offices "with the person having charge thereof."[28]  Plaintiff's certified mail attempts were also insufficient because she did not address them to a person authorized to receive service on their behalf.  Thus, Plaintiff's service attempts on the business entity Defendants were insufficient under Rule 4 and Kansas law.

### C.    Unified Government

For the individuals associated with the Unified Government, Plaintiff did not send the summons to the individual Defendants at their residences, thus service on them was insufficient. Under Rule 4(j)(2), Plaintiff was required to serve the Unified Government itself by delivering the summons and Amended Complaint "to its chief executive officer," or by following state law. K.S.A. § 30-304(d) provides several options for service on a governmental body like the Unified Government, including serving one of the county commissioners, the county clerk, the county

---

[27] K.S.A. § 60-304(e).

[28] *Id.* § 60-304(e)(2).

treasurer, or the mayor. But Plaintiff did not serve the Unified Government through any of these options. Her attempts to serve Kuhn, a Unified Government attorney, do not meet the requirements of Rule 4 or Kansas law.

For all of these reasons, Plaintiff's service attempts on the moving Defendants were insufficient.[29]

### D. Plaintiff's Arguments in Favor of Sufficient Service

Plaintiff contends that her efforts effected valid service because she (1) served the Defendants under Rule 5 and (2) complied with "K.S.A. § 60-312 Service by publication."[30] Both of these arguments are unavailing, and they do not account for other problems with Plaintiff's service attempts.

First, Rule 5 does not prescribe methods for serving a summons—the document that Plaintiff must serve to effect valid service of process.[31] Rule 5 sets out several categories of "pleadings and other papers" that must be served in accordance with Rule 5(b), but the summons is not among those categories.[32] Plaintiff suggests that her Amended Complaint falls under Rule 5(a)(1)(B)—which covers "a pleading filed after the original complaint"—so that she may effect

---

[29] Under Kansas law, the Court can find substantial compliance if "the party served was made aware that an action or proceeding was pending in a specified court that might affect the party or the party's status or property." K.S.A. § 60-204. The Court does not find that Plaintiff substantially complied with the Kansas service rules for any of the moving Defendants. Kansas case law defines substantial compliance as "compliance in respect to the essential matters necessary to assure every reasonable objective of the statute." *Fisher v. DeCarvalho*, 314 P.3d 214, 219–20 (Kan. 2013) (quoting *Myers v. Bd. of Cnty. Comm'rs of Jackson Cnty.*, 127 P.3d 319, 323 (Kan. 2006)). Given Plaintiff's wholesale failure to ensure that the correct Defendants in this case received service, the Court cannot find that her efforts constitute substantial compliance.

[30] Doc. 309.

[31] *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend.").

[32] *See* Fed. R. Civ. P. 5(a)(1)(A)–(E).

service under Rule 5(b)(1) or (2).[33]  But she must properly serve the summons to effect valid service on the Defendants, and service of summons is governed by Rule 4, not Rule 5.[34]  Thus, Plaintiff's attempt to serve any Defendant according to Rule 5(b) is not valid service of process.

Second, Plaintiff's reliance on K.S.A. § 60-312 is misplaced.  K.S.A. § 60-312 only sets out what constitutes sufficient proof of service.  K.S.A. § 60-307 covers service through publication, and it requires the plaintiff to publish notice of the lawsuit in a newspaper where the suit is filed.[35]  Plaintiff has not done so.  Nor has she demonstrated that service by publication is even permitted for this type of case.[36]  Thus, Plaintiff's attempt at service through publication does not comply with K.S.A. § 60-307.  Her attempt to serve Defendants under that statute is therefore invalid.

### E.      Remedy

"Generally, when the Court finds that service is insufficient but curable, it should quash service and give plaintiff an opportunity to re-serve defendant."[37]  "The court nevertheless retains broad discretion to dismiss the action if it appears unlikely that proper service can or will be instituted."[38] The Court has already afforded Plaintiff two chances to properly serve Defendants.  Both this Court and Magistrate Judge Mitchell have set out the rules and standards that Plaintiff must use to serve Defendants, and she has still failed to do so.[39]  Having already given Plaintiff a second chance to properly serve the many Defendants she named in this lawsuit,

---

[33] Fed R. Civ. P. 5(b)(1) (permitting service on party's attorney); Fed. R. Civ. 5(b)(2) (permitting service by leaving papers at party's office or dwelling, or by mailing to party's last known address).

[34] *See Omni Capital*, 484 U.S. at 104.

[35] K.S.A. § 60-307(d).

[36] *See* K.S.A. § 60-307(a) (listing types of cases in which service by publication may be used).

[37] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 (D. Kan. 2008).

[38] *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[39] *See* Docs. 207, 208, 212, 220.

the Court exercises its discretion to dismiss rather than provide her with a third chance to serve them with the Amended Complaint filed more than one year ago.[40]  The Court echoes Judge Mitchell's sentiment in her April 15, 2025 Order extending Plaintiff's service attempts: "the saga of accomplishing service has gone on for too long and consumed too many resources of both the court and the parties."[41]  Moreover, as described in the next section, permitting Plaintiff yet another opportunity to effect proper service would be futile because her claims against these Defendants are subject to dismissal for failure to state a claim.[42]

## III.    Failure to State a Claim

The Unified Government Defendants, DCF Defendants, and the Kansas City, Kansas Housing Authority also move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff fails to address this basis for dismissal in her responses to these Defendants' motion to dismiss.  Because Plaintiff has failed to respond to those motions, the Court could grant them under Rule 12(b)(6) as uncontested under D. Kan. Rule 7.1(c).  However, for the reasons stated below, the Court finds Defendants' motions for failure to state a claim should be granted on the merits.

Fed. R. Civ. P. 12(b)(6) provides for dismissal for failure to state a claim upon which relief can be granted.  To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above

---

[40] *See, e.g.*, *Logan v. Okla. City Police Dep't*, No. CIV-22-1083, 2023 WL 2995905, at *3 (W.D. Okla. Apr. 18, 2023) (dismissing rather than quashing after plaintiff's failed second attempt at service).

[41] Doc. 220 at 6.

[42] *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991) ("[P]roper service of process would be futile, however, because, after stripping the complaint of its many unsupported legal conclusions" the plaintiff could not recover on the facts alleged); *see Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1232 (D. Kan. 2016) (declining to extend time for service where the complaint was subject to dismissal under Rule 12(b)(6)); *Wilkins v. Chrisman*, 665 F. App'x 681, 683–84 (10th Cir. 2016) (affirming district court's dismissal for failure to state claim, even though it also found insufficient service).

the speculative level"[43] and include "enough facts to state a claim to relief that is plausible on its

face."[44]  The plausibility standard does not require a showing of probability that "a defendant has

acted unlawfully," but requires more than "a sheer possibility."[45]  "[M]ere 'labels and

conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a

plaintiff must offer specific factual allegations to support each claim."[46]  The Court must accept

the nonmoving party's factual allegations as true and may not dismiss on the ground that it

appears unlikely the allegations can be proven.[47]  The Court will view all well-pleaded factual

allegations in the light most favorable to the plaintiff.[48]  And because Plaintiff proceeds pro se,

the Court must construe her filings liberally and hold them to a less stringent standard than

formal pleadings drafted by attorneys.[49]  However, Plaintiff's pro se status does not excuse her

from complying with federal and local rules.[50]

### A.    Claims Five through Nine Under 42 U.S.C. § 1983

Plaintiff alleges violations of the Fourteenth, Fifteenth, Nineteenth, and Twenty-Fourth

Amendments in Claims Five through Nine of the Amended Complaint.  To state a claim for

relief under 42 U.S.C. § 1983, Plaintiff must allege "(1) deprivation of a federally protected right

---

[43] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[44] *Id.* at 570.

[45] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[46] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[47] *Iqbal*, 556 U.S. at 678.

[48] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[49] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[50] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994); *see* D. Kan. Rule 83.5.4(f) ("Any party appearing on his or her own behalf without an attorney is expected to read and be familiar with the Rules of Practice and Procedure of this court [and] the relevant Federal Rules of Civil Procedure . . . .").

by (2) an actor acting under color of state law."[51]  And Plaintiff must allege "personal participation in the specific constitutional violation complained of,"[52] because § 1983 imposes liability for a defendant's "own individual actions."[53]  The personal participation requirement for § 1983 claims "is particularly important" when the plaintiff names multiple defendants, such as in this case.[54]  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights."[55]  Even in the case of supervisory liability, the plaintiff must at least "identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation."[56]

The only claim that specifically references Defendants' individual conduct is the Twenty-Fourth Amendment violation alleged in Claim VIII.  On that claim, Plaintiff alleges that Defendants Zachary Hunt and Michael Abbot requested a poll tax of $1400 per election to confirm the poll-tape voting results.  To the extent this claim is alleged against any other Defendant, it is dismissed for failure to allege personal participation in the constitutional violation.

---

[51] *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1160 (10th Cir. 2021) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).

[52] *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

[53] *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[54] *Id.* (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).

[55] *Id.* at 1225–26.

[56] *Id.* at 1226.

Moreover, as asserted against Hunt and Abbott, Plaintiff's factual allegations do not support the charge that she was issued a poll tax. The Twenty-Fourth Amendment prohibits conditioning a person's right to vote on payment of a poll tax.[57] But Plaintiff does not allege that these Defendants demanded payment in exchange for allowing her the right to vote. Plaintiff states in her pleading that these two Defendants demanded $1400 when she "requested open records for investigation of poll-tapes by supervision of the FBI and District Attorney."[58] Thus, Plaintiff has failed to state a claim upon which relief may be granted based on violation of her Twenty-Fourth amendment right not to pay a poll tax in order to exercise her right to vote.

The rest of Plaintiff's constitutional claims under 42 U.S.C. § 1983 fail to refer with particularity to any of the 80 Defendants named in this lawsuit. Because she fails to allege facts supporting personal participation by any of the individual Defendants, they must be dismissed under Rule 12(b)(6).

### B.     Claims One, Three, and Four Invoking Criminal Statutes

Plaintiff purports to bring claims under several federal criminal statutes, including 18 U.S.C. § 2242 (sexual abuse of persons held in custody by direction of or under a contract with the head of a Federal department or agency), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1513 (retaliating against a crime victim, witness, or informant). These criminal statutes do not give rise to a private right of action. As the Supreme Court has explained, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private

---

[57] U.S. Const. amend. XXIV.

[58] Doc. 26 ¶ 12.

cause of action in favor of that person."[59]  Because these statutes do not provide for private rights of action, the claims based on violations of these statutes must be dismissed.[60]

### C.    Claim Two Alleging Racketeering and Conspiracy under 18 U.S.C. § 1962(c) and (d)

Plaintiff alleges in Claim Two that Defendants conspired to commit fraud and discriminate against Plaintiff when she ran for Sheriff in 2017 and 2021.  Unlike the statutes cited above, Congress did provide civil remedies for violations of the racketeering laws in the RICO statute.[61]  She specifically names Don Ash in 2017 and Daniel Soptic in 2021 because they were certified as having more votes in those Sheriff elections.  She further alleges that Michael Abbott "and the Election staff" turned in incorrect election results and turned "voting locations into a crime scene."[62]  To bring a civil RICO claim, Plaintiff must demonstrate that each Defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity."[63]  The Court agrees with Defendants that Plaintiff fails to allege sufficient facts that would support a RICO claim.  Plaintiff fails to plausibly allege facts to support the second, third, and fourth elements of her RICO claim.

An enterprise under the statute means "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact

---

[59] *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)).

[60] *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims brought under several criminal statutes, including § 1341); *Porter v. City of Portales - City Hall*, No. CIV 21-0528 RB/GJF, 2022 WL 168420 (D.N.M. Jan. 19, 2022) (finding no private right of action under § 2242); *Shahin v. Darling*, 606 F. Supp. 2d 525 (D. Del.) (finding no private right of action under § 1513), *aff'd,* 350 F. App'x 605 (3d Cir. 2009).

[61] 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.").

[62] Doc. 26 ¶ 5.

[63] *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1182 (10th Cir. 2019) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)).

although not a legal entity."[64]  And "§ 1962(c) requires that the 'person' conducting the enterprise's affairs be distinct from the 'enterprise.'"[65]  Defendants argue that Plaintiff fails to allege the identity of the enterprise, and the Court agrees.  Instead, it appears that the individual defendants alleged to be members of the RICO enterprise are indistinct from the enterprise itself.

To show a pattern under the third element, Plaintiff must allege "not only that the defendants had committed two or more predicate acts, but also 'that the predicates themselves amount to, or that they otherwise constitute a threat of, *continuing* racketeering activity."[66] "Racketeering activity" includes "any act which is indictable under . . . section 1341 (relating to wire fraud) . . . [and], section 1513 (relating to retaliating against a witness, victim, or an informant)."[67]  Formal conviction of a predicate act is not required to maintain an action under 18 U.S.C. § 1962.[68]

The Court finds that even if Plaintiff sufficiently alleged two or more related predicate acts of mail fraud and retaliation against a witness, victim, or informant, she fails to allege a pattern of behavior.  "At best, what [Plaintiff] alleged is 'actually a closed-ended series of predicate acts constituting a single scheme . . . to accomplish a discrete goal [preventing Plaintiff from being elected Sheriff] directed at a finite group of individuals [Plaintiff] 'with no potential to extend to other persons or entities."[69]  These allegations are insufficient to support the pattern element of her claim.

---

[64] 18 U.S.C. § 1961(4).

[65] *George*, 833 F.3d at 1248.

[66] *Hall v. Witteman*, 584 F.3d 859, 867 (10th Cir. 2009) (emphasis in original) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)).

[67] 18 U.S.C. § 1961(1)(B).

[68] *Tal v. Hogan*, 453 F.3d 1244, 1261–62 (10th Cir. 2006).

[69] *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001).

Finally, Plaintiff fails to allege a predicate racketeering violation. Section 1513 does not apply here. That statute applies to a person who kills, threatens to kill, or knowingly engages in or threatens to engage in conduct that "causes bodily injury to another person or damages the tangible property of another person . . . with intent to retaliate against any person" for being a witness, party, victim, or informant in an official proceeding.[70] Plaintiff's allegations do not demonstrate that Defendants engaged in such conduct. There is no indication that Plaintiff was planning to attend or testify in an official proceeding, or that she was providing law enforcement with information relating to the commission or possible commission of a federal offense.

Plaintiff also fails to show that Defendants committed the predicate act of mail fraud, which must be pled with particularity under Rule 9(b).[71] This means Plaintiff "must set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."[72] Plaintiff's Amended Complaint fails to meet this heightened pleading standard. Because Plaintiff has not sufficiently pled predicate racketeering activity under the statute, her RICO claim fails.

Because Plaintiff fails to state a claim under § 1962(c), her conspiracy claim under subsection (d) also fails.[73]

### D. Employment Discrimination Allegations in Claim Five

Finally, Plaintiff alleges in Claim Five that the Department of Justice and Equal Employment Opportunity Commission determined that Defendants discriminated against her by wrongfully terminating her. She references a right-to-sue letter she received in 2017. She also

---

[70] 18 U.S.C. § 1513(a)–(b).

[71] *Ogles v. Sec. Benefit Life Ins. Co.*, 401 F. Supp. 3d 1210, 1215 (D. Kan. 2019).

[72] *Id.*

[73] *Tal*, 453 F.3d at 1270 ("If a plaintiff has no viable claim under § 1962(a), (b), or (c), then its subsection (d) conspiracy claim fails as a matter of law.").

repeats her allegations that she was discriminated against when she ran for Sheriff in 2017 and 2021 by refusing to certify her as the winner of those elections.  Plaintiff claims that a settlement of that case, which was litigated in a separate lawsuit before this Court in 2017, was coerced and unlawful.[74]

As Plaintiff concedes, her employment discrimination claims based on her claims of racial discrimination in 2017 were settled in a separate case.  Plaintiff and the Unified Government litigated enforcement of that settlement agreement, and the Court found that it was valid.[75]  Moreover, any claim of race discrimination or retaliation based on Defendant's conduct in 2017 and 2021 would be time-barred.  Such claims must be filed within 90 days of receiving a right-to-sue letter from the EEOC.[76]  Plaintiff alleges in the Complaint that she received a right-to-sue letter in 2017, so any claim based on these employment discrimination or retaliation claims are time-barred.  And the continuing violation doctrine does not apply to discrete claims of discrimination and retaliation under Title VII.[77]  Claim V, containing allegations of discrimination and retaliation under Title VII, must therefore be dismissed for failure to state a claim.

## IV.    Leave to Amend

While the Court recognizes the general rule that *pro se* parties should be allowed leave to amend, it may appropriately dismiss a claim without allowing an amendment "where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to

---

[74] Case No. 17-2615-JAR-TJJ.

[75] Case No. 17-2615-JAR-TJJ, Doc. 58 (Dec. 4, 2018).

[76] 42 U.S.C. § 2000e5(f)(1).

[77] *Herrera v. City of Espanola*, 32 F.4th 980, 996 (10th Cir. 2022) ("Each discrete discriminatory act starts a new clock for filing charges alleging that act." (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002))).

give h[er] an opportunity to amend."[78]  "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[79]

Here, Plaintiff does not move to amend, nor does she suggest any changes to her pleading that would cure the errors identified in this opinion.  In fact, Plaintiff fails to address her pleading deficiencies at all.  The Court determines for the many reasons explained throughout this opinion that Plaintiff cannot prevail on any of the facts alleged in the Amended Complaint, and finds that it would be futile to allow her leave to amend.

## V.    Conclusion

In sum, the Court grants the pending motions to dismiss.  The official-capacity claims against the DCF Defendants are dismissed for lack of subject matter jurisdiction.  All other moving Defendants are dismissed under Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  The individual-capacity claims against the DCF Defendants, Kansas City, Kansas Community College, and the Defendants who joined in the Unified Government's motion to dismiss are also dismissed on the merits for failure to state a claim, so their dismissals are with prejudice.[80]

**IT IS THEREFORE ORDERED BY THE COURT** that the DCF Defendants' Motion to Dismiss (Doc. 70) is **granted**.  The official-capacity claims against Defendants Kansas Department for Children and Families, Laura Howard, Winston Barton, Dennis Taylor, and

---

[78] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)) (alteration omitted).

[79] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[80] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

Donna Whiteman are hereby dismissed **without prejudice**.  The individual-capacity claims are hereby dismissed **with prejudice**.

**IT IS FURTHER ORDERED BY THE COURT** that the Kansas City Kansas Community College's Motion to Dismiss Amended Complaint (Doc. 301); Matthew Wakins and MPHS, LLC's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 303); the Kansas City Kansas Housing Authority's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 305); and the Unified Government's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 251) and Amended Motion to Dismiss Plaintiff's Amended Complaint (Doc. 307) are **granted**.

The following Defendants are hereby dismissed **with prejudice** from this action for failure to state a claim: Kansas City Kansas Community College, Danielle Abbott, Michael Abbott, Daniel Anderson, Marni Arevalo, Don Ash, Doug Bach, Suzanne Bishop, Nancy Burns, Tom Burroughs, Melissa Bynum, Calvary Bible Church Association, Andrew Carver, Center Pointe Community Church, Jeffrey Conway, Henry Couchman, Jr., Mary Gonzales, Stephanie Grady, Haven Baptist Church, Heart of America Region Volleyball Association, Hope Chapel, Zachary Hunt, Mike Kane, Emmit Lockridge, London Heights Baptist Church, Angela Markley, Brian McKeirnan, New Story Baptist Church, Bruce Newby, Oak Ridge Missionary Baptist Church, Olivet Institutional Baptist Church, Open Door Baptist Church Association, Reed Patridge, Jane Philbrook, Rainbow Boulevard Mennonite Church Inc., Christian Ramierez, Kim Rivera, Frances Shepard, Carla Soptic, Daniel Soptic, Sunset Hills Christian Church, Inc., Ernesto Terrazas, David Thaxton, Ian Tomasic, Gayle Townsend, Unified Government of Wyandotte County and Kansas City, Kansas, Stevie Wakes, Jim Walters, Thomas L. Wiss, Joseph Wittman, and Wyandotte Tabernacle.

The following Defendants are hereby dismissed **without prejudice** from this action for insufficient service of process: Matthew Watkins, MPHS, LLC, and Kansas City Kansas Housing Authority.

**IT IS SO ORDERED.**

Dated: August 28, 2025

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE