# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CELISHA TOWERS,

    **Plaintiff,**

v.

UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, et al.,

    **Defendants.**

Case No. 24-4024-JAR-ADM

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Celisha Towers's Application for Clerk[']s Entry of Default (Doc. 319) against Defendant Scott Schwab. A defendant must serve an answer within 21 days after being served with the summons and complaint or within 60 days if the defendant waives service.[1] When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default should be entered against the party.[2]

Plaintiff attaches an affidavit to her application stating that she has served Schwab in three ways: (1) by Tyrese Gregory posting to the front door of his dwelling the summons and Amended Complaint; (2) by Nicole Trevillion mailing through UPS the summons and Amended Complaint to Schwab at Memorial Hall, First Floor, 120 S.W. 10th Ave., Topeka, Kansas 66612, which is presumably his business address; and (3) by Nicole Trevillion mailing through UPS to his home address, with a return receipt showing it was received by him.

---

[1] Fed. R. Civ. P. 12(a)(1).

[2] Fed. R. Civ. P. 55(a).

Under Fed. R. Civ. P. 4(e)(1), an individual can be served by following state law for either the state where the district court is located or the state where service is made. Alternatively, the plaintiff can follow Rule 4(e)(2) by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Plaintiff did not follow Rule 4(e)(2) because she did not deliver a copy of the summons and Amended Complaint to Schwab personally, nor did she leave a copy "at [his] dwelling or usual place of abode *with someone of suitable age and discretion who resides there*."[3] Instead, Plaintiff's process server merely posted the summons and Amended Complaint on the front door of his home. To the extent Plaintiff attempted to serve Schwab at his business address, the return receipt shows it was received by "Williams," and there is no indication that this person was an agent authorized to receive process on his behalf.[4]

Although Plaintiff did not comply with Rule 4(e)(2), her attempt to serve Schwab by mail to his residence with return receipt delivery was sufficient under Kansas law. Kansas law permits service by return receipt delivery if "effected by certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting

---

[3] Fed. R. Civ. P. 4(e)(2)(B) (emphasis added).

[4] Doc. 299 at 2.

delivery."[5]  Under K.S.A. § 60-304(a), Plaintiff's service of process on an individual must be made as follows:

> (a) Individual.  On an individual other than a minor or a disabled person, by serving the individual or by serving an agent authorized by appointment or by law to receive service of process.  If the agent is one designated by statute to receive service, such further notice as the statute requires must be given.  Service by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address.  If the sheriff, party or party's attorney files a return of service stating that the return receipt delivery to the individual at the individual's dwelling or usual place of abode was refused or unclaimed and that a business address is known for the individual, the sheriff, party or party's attorney may complete service by return receipt delivery, addressed to the individual at the individual's business address.

Plaintiff filed proof of service showing that on May 5, 2025, service was executed by UPS return receipt delivery to Schwab's residential address in Overland Park, Kansas, and was received by him.[6]  Thus, Plaintiff has made a sufficient showing that Schwab was served with the summons and Amended Complaint and that he failed to plead or otherwise defend within 21 days.  Accordingly, the Court directs the Clerk to enter default against Defendant Scott Schwab. This Order and the Clerk's Entry of Default shall be mailed to Scott Schwab at his residence, the Overland Park address provided in Doc. 234.

**IT IS SO ORDERED.**

Dated: October 2, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[5] K.S.A. § 60-303(c)(1).

[6] Doc. 234 at 2.