IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CELISHA TOWERS,<br><br>**Plaintiff,**<br><br>v.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY/KANSAS, et al.,<br><br>**Defendants.** | Case No. 24-4024-JAR-ADM |

## MEMORANDUM AND ORDER

Plaintiff Celisha Towers, proceeding pro se, filed this suit against nearly 80 defendants, alleging claims under 42 U.S.C. § 1983 and several other federal statutes. On August 29, 2025, the Court granted motions to dismiss as to 59 defendants for lack of subject matter jurisdiction, insufficient service, and/or failure to state a claim upon which relief may be granted.[1] On October 2, 2025, the Court issued an Order to Show Cause directing Plaintiff to show cause in writing why the remaining Defendants, other than Kansas Secretary of State Scott Schwab (against whom the Clerk entered default), should not be dismissed for failure to serve the summons and Amended Complaint within 90 days as required by Fed. R. Civ. P. 4(m).[2] Plaintiff's response was due October 17, 2025. She filed her response on November 3, 2025.[3]

Now before the Court is Defendant Scott Schwab's Motion to Set Aside Entry of Default and Motion for Extension of Time to Answer or File Rule 12 Motion (Doc. 323). This motion has been fully briefed, and the Court is prepared to rule. Also before the Court are several filings

---

[1] Doc. 316.
[2] Doc. 321.
[3] Doc. 337.

by Plaintiff that, liberally construed, seek either (1) a stay of her response deadline to the Order to Show Cause until the Court rules on Schwab's motion for leave to set aside default, or (2) an extension of time to respond to the Court's Order to Show Cause (Docs. 325, 328, 335, and 336). As described more fully below, the Court grants Schwab's motion to set aside default and grants Plaintiff's requests for an extension of time to respond to the Court's Order to Show Cause.

**I.    Motion to Set Aside Default**

On September 30, 2025, Plaintiff filed an Application for Clerk's Entry of Default against Defendant Scott Schwab.[4] Plaintiff made a sufficient showing that Schwab was served with the summons and Amended Complaint and that he failed to plead or otherwise defend within 21 days of service, so the Court directed the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a).[5] Schwab now moves to set aside that entry of default and for additional time to answer or otherwise plead.

Under Fed. R. Civ. P. 55(c), the Court may "set aside an entry of default for good cause." Under Rule 55(c), courts may consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[6] Further, the standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[7]

The Court finds that Schwab's default was not the result of his willful conduct. As has been documented in several court orders, this pro se Plaintiff has struggled to properly serve the

---

[4] Doc. 319.

[5] Doc. 322.

[6] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

[7] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

many defendants in this matter. Schwab was aware of her attempts to serve him and notified the Kansas Office of Attorney General ("OAG") of the service attempts. He believed the matter was being handled by that office; that office believed Plaintiff's service attempts were ineffective. Less than two weeks after the Court filed its order directing the Clerk to enter default, Schwab filed a motion to set aside.[8] The Court finds no prejudice to Plaintiff. There has been no development in this case since the clerk's entry of default. Finally, the Court finds that Schwab presents meritorious defenses, including many of the same grounds that the Court has already found merit dismissal of other Defendants. He also presents strong arguments that he was not properly served. Given all of these facts, the Court finds good cause to set aside the entry of default against Schwab and for an extension of time to file an answer or otherwise plead.

## II.     Plaintiff's Motions to Stay and for Extension of Time

Plaintiff has submitted several filings that, when liberally construed,[9] ask the Court to either stay her response deadline to the Order to Show Cause until after it rules on Schwab's motion, and/or to extend her response deadline. To the extent Plaintiff seeks a stay, that motion is now moot since the Court has ruled on Schwab's motion. To the extent Plaintiff seeks additional time to respond to the Court's Order to Show Cause, those motions are granted. Plaintiff's November 3, 2025 response is considered timely filed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Scott Schwab's Motion to Set Aside Entry of Default and Motion for Extension of Time to Answer or File Rule

---

[8] *See Pinson*, 316 F. App'x at 750 (finding short time frame between entry of default and motion to set aside showed good faith).

[9] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (explaining that the Court must construe pro se pleadings liberally).

12 Motion (Doc. 323) is **granted**. Schwab's Motion to Dismiss (Doc. 333) is considered timely filed.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's requests to extend her deadline to respond to the Court's October 2, 2025 Order to Show Cause (Docs. 325, 328, 335, and 336) are **granted**. Her response filed on November 3, 2025 (Doc. 337) is considered timely filed.

**IT IS SO ORDERED.**

Dated: November 7, 2025

S/ Julie A. Robinson<br>JULIE A. ROBINSON<br>UNITED STATES DISTRICT JUDGE