**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

CELISHA TOWERS,

      Plaintiff,

      v.                                                                            Case No. 24-4024-JAR-ADM

MICHAEL ABBOTT, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Several times in recent years, Plaintiff Celisha Towers has been a candidate for the elected office of Sheriff of the Unified Government of Wyandotte County and Kansas City, Kansas ("Unified Government"). Among other things, she contends in this lawsuit that state and local officials, as well as many of the polling places in Wyandotte County, falsely reported the number of ballots that were returned in those elections. Plaintiff, proceeding pro se, named nearly 80 Defendants, alleging claims under 42 U.S.C. § 1983 and several other federal statutes. On August 29, 2025, the Court granted motions to dismiss 59 defendants for lack of subject matter jurisdiction, insufficient service, and/or failure to state a claim upon which relief may be granted.[1] Several defendants remained that did not file motions to dismiss. Thus, on October 1, 2025, the Court ordered Plaintiff to show good cause in writing by no later than October 17, 2025, why the remaining Defendants, other than Schwab, should not be dismissed for failure to serve the summons and Amended Complaint within 90 days, as required by Fed. R. Civ. P. 4(m).[2]

---

[1] Doc. 316.

[2] Doc. 321.

Now before the Court are several motions by Plaintiff challenging the Court's August 29, 2025 Order, and objecting to dismissal of the remaining Defendants: Motion [Under] Rule 60(b)(2)(3)(4) to be Relieved of Order ECF Document No. 316 with Declaration and Affidavit Filed Separately in Support (Doc. 356); Plaintiff's Motion [Under] Rule 60(b)(4) Filed Separately From Motion 60(b)(2)(3) to be Relieved of Order ECF Document No. 316 with Memorandum (Doc. 351); and Plaintiff's Memorandum in Response to ECF Document No. 321` with Motion for Leave Filed Separately (Doc. 337).[3]  These motions are fully briefed, and the Court is prepared to rule.  For the reasons explained below, Plaintiff's motion for relief from the Court's August 29, 2025 Order under Rule 60(b)(4) is granted to the limited extent that dismissal is without prejudice as to all Defendants.  Plaintiff's motion for relief from judgment under Rules 60(b)(2) and 60(b)(3) is denied.  The following Defendants are also hereby dismissed without prejudice under Fed. R. Civ. P. 4(m): Mt. Zion Missionary Baptist Church, C.L. Bachus, Robert Harder, Bible Temple Baptist Church, Mt. Carmel Church of God in Christ, Inc., Rio de Agua Viva Apostolic Church, St. Andrews Missionary Baptist Church Inc., Kyla Esparza, Elizabeth Hernandez, John Rios, Ricky Bragg, and Ruth Benien.

## I.    Background

Plaintiff originally filed this action on April 5, 2024.[4]  She filed her Amended Complaint on July 26, 2024, naming almost 80 Defendants.[5]  Although proceeding pro se, Plaintiff paid the filing fee, so she was responsible for service on these many Defendants.[6]

---

[3] Plaintiff has also filed several motions addressing Defendant Scott Schwab.  These motions will be addressed in a separate Memorandum and Order.

[4] Doc. 1.

[5] Doc. 26.

[6] *See* 28 U.S.C. § 1915(a); Fed. R. Civ. P. 4(c)(1) & (3).

In the Amended Complaint, Plaintiff alleges several claims for relief: (1) "Sexual Abuse in Foster Care Violating Plaintiff's Child Constitutional Rights 18 U.S.C. § 2242"[7]; (2) Racketeering and Conspiracy under 18 U.S.C. § 1962(c) and (d); (3) mail fraud under 18 U.S.C. § 1341; (4) retaliation under 18 U.S.C. § 1513; (5) employment discrimination in violation of Title VII of the Civil Rights Act; and (6) constitutional torts under 42 U.S.C. § 1983 based on violations of the Fourteenth, Fifteenth, Nineteenth, and Twenty-Fourth Amendments.  Plaintiff's claims arise out of several categories of factual allegations: (1) that she was abused as a child while in foster care in Kansas and Missouri; (2) that certain Defendants interfered with election results when Plaintiff ran for Unified Government Sheriff in 2017 and 2021; and (3) that Plaintiff's termination from her job by the Unified Government was a result of race discrimination.

Presiding Magistrate Judge Angel D. Mitchell and the undersigned have issued several orders addressing Plaintiff's service deficiencies with respect to the many Defendants named in the Amended Complaint.  First, Judge Mitchell addressed Plaintiff's failure to properly serve the defendants who had not appeared in this matter.  She concluded that Plaintiff's service attempts were defective because Plaintiff personally dispatched the summons and Amended Complaint, which Federal Rule of Civil Procedure 4(c)(2) prohibits.[8]  Judge Mitchell granted a permissive extension of time under Rule 4(m) for Plaintiff to properly serve the nonappearing Defendants. This Court overruled Plaintiff's objections to that Report and Recommendation.[9]

Next, this Court considered a round of motions to dismiss for insufficient service filed by the appearing Defendants.  The Court applied Judge Mitchell's reasoning from the Report and

---

[7] *See* Doc. 26 ¶¶ 1–3.

[8] Doc. 208 at 2.

[9] Doc. 212.

Recommendation and found that service was insufficient because Federal Rule of Civil Procedure 4(c)(2) does not permit a party to effect service, so Plaintiff cannot be the one who "place[s] the summons and complaint in the mail."[10]  Although the Court determined that Plaintiff failed to properly serve Defendants, it quashed the attempted service rather than dismissed, and allowed Plaintiff another opportunity to properly serve.  Plaintiff attempted to serve Defendants again.

Finally, the Court granted motions to dismiss by 59 Defendants for lack of subject-matter jurisdiction, insufficient service of process, and failure to state a claim in its August 29 Order.  First, the Court dismissed the sexual abuse claim against the state agency and officials in their official capacities for lack of subject-matter jurisdiction.  Second, the Court outlined the various methods of service Plaintiff attempted in this matter with regard to the moving Defendants and explained why each was insufficient.[11]  The Court explained that it has already afforded Plaintiff two chances to properly serve Defendants, so it dismissed these Defendants instead of quashing service and allowing Plaintiff another opportunity to serve them.  Third, the Court determined that Plaintiff's claims against the moving Defendants are also subject to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Therefore, allowing Plaintiff an opportunity to re-serve them would be futile, and the Court dismissed them with prejudice.

## II.    Motions for Relief Under Fed. R. Civ. P. 60(b)

Plaintiff moves for relief from the Court's August 29 Order under Fed. R. Civ. P. 60(b).  Specifically, she objects to the Court's dismissal with prejudice of the Defendants who moved to dismiss for insufficient service of process and failure to state a claim.

---

[10] *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010).

[11] Doc. 316 at 4–10.

Rule 60(b) provides that the Court may relieve a party from final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[12]

Rule 60(b) does not permit a losing party to rehash arguments previously addressed or to present new legal theories or facts that could have been raised earlier.[13]  And relief under this rule "is extraordinary and may only be granted in exceptional circumstances."[14]  The Court addresses each of the Rule 60(b) subsections upon which Plaintiff seeks relief below.

### A.    Rule 60(b)(2)

Plaintiff first seeks relief on the basis that she discovered new evidence after the Court's ruling.  Namely, Plaintiff submits photographs of voting equipment and screen shots of official election results from the Unified Government website as to the results of the 2025 primary and general elections.[15]  She claims this shows that certain Defendants fraudulently reported the

---

[12] Fed. R. Civ. P. 60(b).

[13] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[14] *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of the Paraclete*, 204 F.3d at 1009).

[15] *See* Doc. 356 at 7–10 (embedded in Plaintiff's motion).

official vote because the ballot screen pictures show thousands more votes were cast (pointing to the "Protected Count" figure on the screens) from those polling locations than what was officially reported.  Plaintiff claims that this discrepancy proves that there were thousands of unaccounted-for ballots from this precinct in the 2025 elections, calling into question her election loss.

Under Rule 60(b)(2), the movant must show: "(1) the evidence was newly discovered since the trial; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [was] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) that a new trial with the newly discovered evidence would probably produce a different result."[16]  Although Plaintiff seeks relief from the Court's decision on a motion to dismiss and not trial, the same showing is required.[17]

Plaintiff cannot make the necessary showing under Rule 60(b)(2); she does not explain how this new evidence would cause her claims to avoid dismissal on the merits for the reasons set forth in the Court's August 29 Order.  The Court explained in detail why Plaintiff's allegations about election fraud and interference in the 2017 and 2021 elections fail to state a claim under the federal statutes invoked by Plaintiff in the Amended Complaint.  This new evidence does not pertain to the 2017 or 2021 elections.  And the Court does not consider matters outside the pleadings when evaluating a motion under Rule 12(b)(6).[18]  Nor does this new evidence overcome the deficiencies in showing the enterprise or pattern elements of her claim under 18 U.S.C. § 1962(c), the fact that the criminal statutes she cites do not give rise to civil

---

[16] *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am.*, 426 F.3d at 1290).

[17] *Id.*

[18] Fed. R. Civ. P. 12(d); *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004) (quoting *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986)).

causes of action, or that the facts do not give rise to plausible claims under 42 U.S.C. § 1983 for violations of the Fourteenth, Fifteenth, Nineteenth, and Twenty-Fourth Amendments.  Thus, Plaintiff's motion for relief under Rule 60(b)(2) is denied.

### B.    Rule 60(b)(3)

Next, Plaintiff argues that she should be relieved of the Court's judgment based on fraud, misrepresentation, or misconduct by the opposing party.  Again, Plaintiff points to the new evidence that she submitted to support her Rule 60(b)(2) argument, which she argues is clear and convincing evidence that fraud was committed.  In the context of a Rule 60(b)(3) motion, the moving party must show the fraud, misrepresentation, or misconduct by "clear and convincing proof."[19]  A claim of fraud under this section is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect," and only apply when "the challenged behavior must substantially have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial."[20]  Plaintiff does not point the Court to any evidence, much less clear and convincing proof, that Defendants committed fraud, misconduct, or misrepresentations in order to obtain the Court's August 29, 2025 ruling.

### C.    Rule 60(b)(4)

Finally, Plaintiff urges relief under Rule 60(b)(4) as to the Defendants dismissed with prejudice.  Relief under this provision is warranted if the judgment is void.[21]  "A judgment is void 'only if the court which rendered it lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law.'"[22]

---

[19] *Zurich N. Am.*, 426 F.3d at 1290.

[20] *Id.* (citation modified).

[21] Fed. R. Civ. P. 60(b)(4).

[22] *United States v. Buck*, 281 F.3d 1336, 1344 (10th Cir. 2002) (quoting *In re Four Seasons Sec. Laws Litig.*, 502 F.2d 834, 842 (10th Cir. 1974)).

According to Plaintiff, because the Court ruled that service was insufficient under Fed. R. Civ. P. 12(b)(5), it lacked personal jurisdiction over the Defendants and should have stopped at that point and dismissed without prejudice instead of proceeding to determine whether those Defendants should be dismissed on the merits under Fed. R. Civ. P. 12(b)(6). Defendants respond that the Court properly dismissed with prejudice.

There is authority, as the Court noted in its August 29, 2025 Order, that it is appropriate to consider a motion under Rule 12(b)(6) as an alternative ground for dismissal when a Defendant has established insufficient service under Rule 12(b)(5).[23] "A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."[24] However, Plaintiff is correct that when the district court finds that a defendant has not been properly served, it lacks personal jurisdiction over that defendant.[25] And without personal jurisdiction, the Court cannot enter judgment on the merits.[26] While the Court stands by its decision that additional time for service would be futile because Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted, dismissal should have been without prejudice.

---

[23] *Gregory v. U.S./U.S. Bankr. Ct. for Dist. of Colo.*, 942 F.2d 1498, 1500 (10th Cir. 1991) ("[P]roper service of process would be futile, however, because, after stripping the complaint of its many unsupported legal conclusions" the plaintiff could not recover on the facts alleged); *see Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1232 (D. Kan. 2016) (declining to extend time for service where the complaint was subject to dismissal under Rule 12(b)(6)); *Wilkins v. Chrisman*, 665 F. App'x 681, 683–84 (10th Cir. 2016) (affirming district court's dismissal for failure to state claim, even though it also found insufficient service); *Turner v. Nat'l Council of State Bds. of Nursing, Inc.*, No. 11-2059-KHV, 2012 WL 1435295, at *6 (D. Kan. Apr. 24, 2012) ("A dismissal pursuant to Rule 12(b)(5) is ordinarily without prejudice, but in this case the dismissal is with prejudice because plaintiff also has failed to state a claim on which relief may be granted." (citation omitted)), *aff'd*, 561 F. App'x 661 (10th Cir. 2014); *Ngiendo v. Soc. Sec. Admin.*, 547 F. App'x 913, 914 (10th Cir. 2013) (affirming dismissal on grounds of both insufficient service and failure to state a claim).

[24] *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006).

[25] *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010).

[26] *See Guebara v. Bascue*, No. 24-3072, 2025 WL 1342089, at *7 (10th Cir. May 8, 2025).

**III.    Response to the Court's October 1, 2025 Order to Show Cause**

The Court next considers Plaintiff's responses to the Court's October 1, 2025 Order to Show Cause,[27] in which it directed Plaintiff to show good cause why the remaining Defendants in this matter should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) for insufficient service.  Plaintiff filed a response to the Order to Show Cause on November 3, 2025.[28]  And although she indicated in that response that she was separately filing a motion for leave to amend, she did not file a motion for leave to amend until January 7, 2026.[29]  That motion sought to amend based on the newly discovered evidence she referenced in her Rule 60(b) motions; it did not attach a proposed amended pleading, as required by D. Kan. Rule 15.1(a)(2).  Judge Mitchell denied Plaintiff's motion for failure to comply with the local rule, and because amending to add new claims before the Court rules on her response the Order to Show Cause would unduly delay the proceedings.[30]

In responding to the Order To Show Cause, Plaintiff makes two overarching arguments: (1) the Court should not dismiss with prejudice; and (2) these Defendants were sufficiently served, as demonstrated through return receipts she filed as proof of service.  As to Plaintiff's first argument, the Court has already addressed her motion for relief from the last order, which ruled on motions filed by 59 of the Defendants.  With respect to the defendants at issue on the Order to Show Cause, the Court explicitly limited its Order by requiring Plaintiff to address service, and why these Defendants should not be dismissed under Rule 4(m), without prejudice.

---

[27] Doc. 321.

[28] Doc. 337.  The Court considers this response timely filed.  *See* Doc. 344.

[29] Doc. 369.

[30] Doc. 372.

As to Plaintiff second argument, she fails to explain how the service documentation for these Defendants is not deficient in for the same reasons set forth in the Court's August 29, 2025 Order. In the Court's Order to Show Cause, it identified the following remaining Defendants and asked Plaintiff to show good cause why they should not be dismissed for lack of timely service: Meridith Sullivan, Mt. Zion Missionary Baptist Church ("Mt. Zion"), C.L. Bachus, Robert Harder, Bible Temple Baptist Church ("Bible Temple")  Mt. Carmel Church of God in Christ, Inc. ("Mt. Carmel"), Trinity Community Church, Bethel Seven-Day Adventist, Rio de Agua Viva Apostolic Church ("Rio"), St. Andrews Missionary Baptist Church Inc. ("St. Andrews"), Kansas Chin Baptist Church, Kyla Esparza, Elizabeth Hernandez, John Rios, Larry Roland, Ricky Bragg, and Ruth Benien.

After the Court's Order to Show Cause was filed, Plaintiff voluntarily dismissed Trinity Community Church, Bethel Seven-Day Adventist, Larry Roland, and Kansas Chin Baptist Church.[31]  Sullivan filed an Answer on January 9, 2026.[32]  And the Court granted Scott Schwab's motion to set aside a previously-entered default on November 7, 2025,[33] a decision Plaintiff challenges, and this Court addresses in a separate order. Below, the Court addresses Plaintiff's response to the Order to Show Cause as to: Mt. Zion, Bachus, Harder, Bible Temple, Mt. Carmel, Rio, St. Andrews, Esparza, Hernandez, Rios, Bragg, and Benien. Below, the Court explains why Plaintiff's service documentation as to these Defendants fails to support her contention that they were timely served, and concludes that they should be dismissed under Rule 4(m) without prejudice.

---

[31] Doc. 350 (dismissing Trinity Community Church, Bethel Seven-Day Adventist); Doc. 334 (dismissing Roland); Doc. 346 (dismissing Kansas Chin Baptist Church).

[32] Doc. 373.

[33] Doc. 344.

### A.    Individuals

With respect to the individual Defendants, Fed. R. Civ. P. 4(e)(1) governs.  It allows Plaintiff to either follow Kansas law or Rule 4(e)(2).  Plaintiff did not follow Rule 4(e)(2) for any of the individuals in this case because she did not deliver a copy of the summons and Amended Complaint to them personally, nor did she leave a copy at their dwelling or usual place of abode in compliance with the rule.  Plaintiff also has not demonstrated, as required by K.S.A. § 60-303(d)(3), that Gregory or Trevillion were "appointed as a process server by a judge or clerk of the district court."[34]  And, assuming Gregory or Trevillion were authorized to serve the individual Defendants, she still needed to serve the correct person—and she did not.  Plaintiff has not demonstrated that any of the persons who signed the delivery receipts were "agent[s] authorized by appointment or law to receive service of process" on behalf of any of the individual defendants.[35]  "Service is insufficient where a party serves the wrong person or serves an individual not permitted to accept service."[36]

Under Kansas law, service of process on an individual at their business address is only permitted under K.S.A. § 60-304 if the plaintiff: "(1) attempts return receipt delivery at the individual's dwelling house or usual place of abode, (2) files a return on service indicating delivery was refused or unclaimed, and (3) sends the summons and complaint addressed to the

---

[34] K.S.A. § 60-304(a).  This provision differs from Rule 4(c)(2), which permits service by "any person who is at least 18 years old and not a party."

[35] K.S.A. §§ 60-303, 60-304(a).

[36] *Bell v. Bd. of Educ., Basehor-Linwood Unified Sch. Dist. No. 458*, 645 F. Supp. 3d 1177, 1181 (D. Kan. 2022).  Kansas law sets forth a procedure in K.S.A. § 60-304 that applies when a defendant's address is unknown. That statute requires the plaintiff to file an affidavit or declaration stating that the defendant's place of residence is unknown to the best of her knowledge, and then request that the sheriff or other authorized person serve the defendant.  K.S.A. § 60-304(h).  Plaintiff did not avail herself of this provision either.

11

defendant at the business address via return receipt delivery."[37]  Even though Plaintiff is pro se, she "still must comply with Rule 4 and Kansas law for service of process."[38]

Plaintiff attempted to serve Bachus by having Trevillion send the summons and Amended Complaint by UPS First-Class Express Service,[39] and by having Gregory serve by "TAPE/POSTED ON FRONT/MAIN DOOR OF ENTRY," both times at an address on Richmond Avenue.  The service form states that there were "several cars in the church parking lot."[40]  This was not his place of abode,[41] nor was it was signed for by a person with authority to accept service on Bachus's behalf.  Someone named "Wikonson" signed the receipt.

Plaintiff attempted to serve Harder by having Trevillion send the summons and Amended Complaint by UPS First-Class Express Service, addressed to "KDCF Attorney Altenbernt" at 555 S. Kansas Avenue in Topeka, Kansas.[42]  Plaintiff did not attach a return receipt to this proof-of-service form.  This address is for the Kansas Department for Children and Families; it was not sent to Harder's residential address.  There is no indication that "KDCF Attorney Altenbernt" is authorized to accept service on Harder's behalf.

Esparza, Hernandez, Riso, Bragg, and Benien were all served by (1) Gregory hand-delivering a copy of the Amended Complaint and summons to "Anita" in the Unified Government's Sheriff's Office, and (2) Trevillion mailing by UPS First-Class Express Service a copy of the Amended Complaint and summons to an attorney in the Unified Government's Legal

---

[37] *Olson v. Peacock*, No. 23-CV-04017-HLT-ADM, 2023 WL 11978242, at *2 (D. Kan. July 7, 2023).

[38] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1228 (D. Kan. 2016).

[39] Docs. 230 at 40, 277.

[40] Doc. 226 at 3.

[41] *See* Doc. 116 (stating that Bachus is the "owner and authorized agent" for Mt. Zion, and stating that Plaintiff attempted to serve both Bachus and Mt. Zion at the Richmond Avenue address, suggesting that this is the address for the church).

[42] Doc. 230 at 37.

Department—Daniel Kuhn.  Someone named "Teasley" signed for that delivery at the front

desk.   As already discussed, Plaintiff fails to show that "Anita," Kuhn, or Teasley were

authorized to accept service on their behalf.

### B.      Churches

With respect to the remaining Defendants, which are all churches, Rule 4(h) governs.

Under that rule, Plaintiff was required to follow Rule 4(e)(1) for serving an individual or deliver

a copy of the summons and Amended Complaint to an officer, a managing or general agent, or

any other agent authorized by appointment or by law to receive service of process and—if the

agent is one authorized by statute and the statute so requires—by also mailing a copy of each to

the defendant.[43]  Under Kansas law, Plaintiff was required to serve a business entity by:

> (1) Serving an officer, manager, partner or a resident, managing or
> general agent;
>
> (2) leaving a copy of the summons and petition or other document
> at any of its business offices *with the person having charge
> thereof*; or
>
> (3) serving *any agent authorized by appointment or by law to
> receive service of process*, and if the agent is one authorized by
> statute to receive service and the statute so requires, by also
> mailing a copy to the defendant.  Service by return receipt delivery
> on an officer, partner or agent *must be addressed to the person at
> the person's usual place of business*.[44]

Rather than follow these rules, the return receipts show that Plaintiff left a copy of the

summons and Amended Complaint on the doors of the churches,[45] but she did not leave it at any

---

[43] Fed. R. Civ. P. 4(h)(1)(B).

[44] K.S.A. § 60-304(e) (emphasis added).

[45] Docs. 226 at 1 (service on Bible Temple taped/posted to the front door); Doc. 226 at 7 (same, Mt. Zion); Doc. 226 at 8 (same, Mt. Carmel); Doc. 226 at 9 (same, Rio); Doc. 226 at 12 (same, St. Andrews).

of their business offices "with the person having charge thereof."[46]  Plaintiff's certified mail

attempts on three of the churches were also insufficient because she did not address them to a

person authorized to receive service on their behalf.[47]  Thus, Plaintiff's service attempts on the

remaining churches were insufficient under Rule 4 and Kansas law.

In sum, the Court finds that Plaintiff's service on the following Defendants was

insufficient: Mt. Zion, Bachus, Harder, Bible Temple, Mt. Carmel, Rio, St. Andrews, Esparza,

Hernandez, Rios, Bragg, and Benien.  Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is
> filed, the court—on motion or on its own after notice to the
> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

As discussed above, Plaintiff has not shown good cause for her failure to timely serve

these Defendants.  Instead, she continues to insist that her deficient service attempts were

sufficient.  And it has now been almost two years since she filed the Amended Complaint. "The

court . . . retains broad discretion to dismiss the action if it appears unlikely that proper service

can or will be instituted."[48] The Court has already afforded Plaintiff two chances to properly

serve these many Defendants.  Both this Court and Magistrate Judge Mitchell have set out the

rules and standards that Plaintiff must use to serve Defendants, and she has still failed to do so.[49]

Therefore, a mandatory extension of time under rule 4(m) is not warranted.

---

[46] *Id.* § 60-304(e)(2).

[47] *See* Docs. 278, 282, 298.

[48] *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983).

[49] *See* Docs. 207, 208, 212, 220.  A pro se litigant's "ignorance of the rules would not ordinarily constitute good cause." *Shepard v. U.S. Dep't of Veterans Affs.*, 819 F. App'x 622, 623 (10th Cir. 2020).  This is particularly true here where Plaintiff has already been given a second chance to properly serve Defendants.

Even though Plaintiff has not shown good cause for a mandatory extension of time under Rule 4(m), the Court may determine that a permissive extension of time to serve is warranted.[50] In making this determination, the Court considers whether the plaintiff is pro se, the complexity of the service requirements, the danger of prejudice to the defendants, and the possible expiration of the statute of limitations on the claims.[51]  Here, this Court and Judge Mitchell have already given this pro se Plaintiff an extension of time to serve, and Plaintiff had the benefit of the Court's August 29 Order explaining the service deficiencies in her second attempt at service.  As Judge Mitchell explained more than a year ago, "[t]he court has already granted Towers significant latitude to properly effect service of process on the defendants well beyond the time period set forth in Federal Rule of Civil Procedure 4(m).  At this point, the saga of accomplishing service has gone on for too long and consumed too many resources of both the court and the parties."[52]  Plaintiff was warned at that time that the Court was unlikely to grant any further extensions of time.  Thus, the Court does not find that an additional permissive extension of time is warranted under these circumstances, despite Plaintiff's pro se status and any risk of the statute of limitations expiring.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion [Under] Rule 60(b)(2)(3)(4) to be Relieved of Order ECF Document No. 316 with Declaration and Affidavit Filed Separately in Support (Doc. 356) is **denied** and Plaintiff's Motion [Under] Rule 60(b)(4) Filed Separately From Motion 60(b)(2)(3) to be Relieved of Order ECF Document No. 316 with Memorandum (Doc. 351) is **granted**.  **All Defendants dismissed in the Court's August 29, 2025 Order are dismissed without prejudice**.

---

[50] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[51] *Id.* at 842.

[52] Doc. 220 at 5–6.

**IT FURTHER ORDERED BY THE COURT** that the following additional Defendants are **dismissed without prejudice** for failure to timely serve under Fed. R. Civ. P. 4(m): Mt. Zion Missionary Baptist Church, C.L. Bachus, Robert Harder, Bible Temple Baptist Church, Mt. Carmel Church of God in Christ, Inc., Rio de Agua Viva Apostolic Church, St. Andrews Missionary Baptist Church Inc., Kyla Esparza, Elizabeth Hernandez, John Rios, Ricky Bragg, and Ruth Benien.  The Clerk is directed to terminate these Defendants as parties to this action.

**IT IS SO ORDERED.**

Dated: April 22, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE