IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CELISHA TOWERS,

      Plaintiff,

      v.                            Case No. 24-4024-JAR-ADM

MICHAEL ABBOTT, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff Celisha Towers, proceeding pro se, filed this suit against nearly 80 defendants, alleging claims under 42 U.S.C. § 1983 and several other federal statutes. On August 29, 2025, the Court granted motions to dismiss 59 defendants for lack of subject matter jurisdiction, insufficient service, and/or failure to state a claim upon which relief may be granted.[1] Today, the Court dismissed twelve more Defendants under Rule 4(m) for failure to timely serve.

Now before the Court are several motions relating to Kansas Secretary of State Scott Schwab, one of two remaining Defendants: Defendant's Motion to Dismiss (Doc. 333); Plaintiff's Motion for Leave to Supplement Memorandum in Opposition to Scott Schwab Motion to Dismiss with Memorandum Filed Separately (Doc. 355); Plaintiff's Motion For Leave for Scott Schwab Supplemental Memo in Opposition with Supplemental Opposition Filed Separately (Doc. 359); Plaintiff's Motion to Stay (Doc. 364); and Plaintiff's Motion Rule 60(b)(2)(3) to Vacate Scott Schwab Motion to Set Aside Order Entry of Default ECF Document No. 344 with Declaration of New Evidence (Doc. 374). The motions are fully briefed, and the

---

[1] Doc. 316.

Court has considered Plaintiff's many filings, including her proposed supplemental filings.[2]  For the reasons explained below, the Court denies Plaintiff's motion to vacate its order setting aside the clerk's entry of default against Schwab.  Therefore, Plaintiff's motion to stay is moot.  The Court grants Schwab's motion to dismiss.

## I.    Background

The Amended Complaint asserts claims against Schwab "in his professional capacity as Secretary of State and in his individual capacity."[3]  Liberally construing the Amended Complaint, as the Court must,[4] Plaintiff alleges the following claims against Schwab: racketeering and conspiracy to commit racketeering under 18 U.S.C. § 1962(c) and (d); mail fraud under 18 U.S.C. § 1341; retaliation under 18 U.S.C. § 1513; and constitutional torts under 42 U.S.C. § 1983 based on violations of the Fourteenth, Fifteenth, Nineteenth, and Twenty-Fourth Amendments.

On September 30, 2025, Plaintiff filed an Application for Clerk's Entry of Default against Defendant Scott Schwab.[5]  The Court determined that Plaintiff sufficiently showed Schwab was served with the summons and Amended Complaint and that he failed to plead or otherwise defend within 21 days of service and, therefore, directed the Clerk to enter default pursuant to Fed. R. Civ. P. 55(a).[6]  Schwab moved to set aside that entry of default and for

---

[2] Under the Court's local rule on briefing civil motions, "[a] party opposing a motion *must* filed a response, and the moving *may* file a reply."  D. Kan. Rule 7.1(c) (emphasis added).  Any response is to be filed within 21 days of the motion and is subject to a 15-page limit.  D. Kan. Rules 6.1(d), 7.1(d)(3).  There is no provision for a supplement or for filings after the reply.  Despite these rules, Plaintiff filed two motions to supplement and one 20-page "Supplement" to Schwab's motion to dismiss, well after she filed her response.  Although plainly not contemplated by the rules, the Court has reviewed and considered these filings out of an abundance of caution, and denies the Unified Government's request to strike.

[3] Doc. 26 ¶ 52.

[4] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[5] Doc. 319.

[6] Doc. 322.

additional time to answer or otherwise plead.  The Court granted his motion on November 7, 2025.[7]  In so ruling, the Court found that Schwab's default was not the result of his willful conduct, there was no prejudice to Plaintiff in setting aside the default, and that Schwab presents meritorious defenses, including many of the same grounds that the Court already found had merit when it dismissed other Defendants.

Schwab now moves to dismiss Plaintiff's claims alleged against him.  Plaintiff asks the Court to vacate its November 7 Order setting aside the Clerk's Entry of Default against Schwab. The Court addresses Plaintiff's motion first.

## II.    Plaintiff's Motion to Vacate November 7 Order

Plaintiff asks the Court to vacate its November 7, 2025 Order setting aside the Clerk's Entry of Default against Schwab under Fed. R. Civ. P. 60(b).  But the Court agrees with Defendant that Rule 60(b), by its terms, may only be invoked for relief against a final judgment. The Court liberally construes Plaintiff's motion as a motion to reconsider.  Under D. Kan. Rule 7.3:

> Except for motions under Fed. R. Civ. P. 59(e) or 60, parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time. A motion to reconsider must be based on:
>           (1) an intervening change in controlling law;
>           (2) the availability of new evidence; or
>           (3) the need to correct clear error or prevent manifest injustice.

A motion to reconsider should not be used as "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[8]  And "[i]t is not appropriate to

---

[7] Doc. 344.

[8] *Ward v. Wesley Med. Ctr., LLC*, No. 23-1091-HLT-BGS, 2024 WL 989880, at *2 (D. Kan. Mar. 7, 2024) (quoting *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994)).

revisit issues already addressed or advance arguments that could have been raised in prior briefing."[9]

First, Plaintiff's motion must be denied as untimely. She filed her challenge to the Court's November 7, 2025 Order on January 13, 2026, well past the fourteen-day deadline.[10] Second, Plaintiff has failed to demonstrate that she is entitled to reconsideration. Under Fed. R. Civ. P. 55(c), the Court may "set aside an entry of default for good cause." Under Rule 55(c), courts may consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[11] Further, the standard is "fairly liberal because '[t]he preferred disposition of any case is upon its merits and not by default judgment.'"[12] The Court correctly considered these factors in granting the motion.

Plaintiff urges that she has new evidence that supports reconsideration because it supports her claims of election fraud. But she does not address the liberal standard that the Court was required to apply on Defendant's motion to set aside default. She suggests instead that the Court erred by finding that Defendant presented a meritorious defense. The burden of showing a meritorious defense is a light one.[13] Defendant "need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense."[14] The Court determined that Plaintiff's claims against this Defendant should be decided on the merits. The Court

---

[9] *Id.* (quoting *Paliwoda v. Showman*, No. 12-2740-KGS, 2014 WL 11517806, at *1 (D. Kan. Sept. 30, 2014)).

[10] Doc. 374.

[11] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

[12] *Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).

[13] *Assessment Techs. Inst., L.L.C. v. Am. Allied Healthcare LLC*, No. 11-2307-KHV, 2011 WL 13130838, at *3 (D. Kan. Sept. 30, 2011).

[14] *Id.* (quoting *Crutcher*, 205 F.R.D. at 585).

explained that Defendant presented many of the same defenses presented by other Defendants in motions to dismiss that were granted.  Plaintiff fails to establish error by the Court in applying this standard.  Moreover, Plaintiff's new evidence pertains to the 2025 election; the clams in the Amended Complaint pertain to earlier elections when she ran for Sheriff, so this new evidence would not have changed the Court's decision to set aside the Clerk's Entry of Default against Schwab.  Plaintiff's motion to reconsider is therefore denied.

## III.    Defendant's Motion to Dismiss

Having denied Plaintiff's motion to reconsider, the Court now considers Schwab's motion to dismiss under Fed. R. Civ. P. 12(b)(1), (5), and (6).

### A.    Lack of Subject Matter Jurisdiction under Rule 12(b)(1)

First, Schwab moves to dismiss the official-capacity claims alleged against him based on Eleventh Amendment immunity.  When a defendant raises Eleventh Amendment immunity in a motion to dismiss, it implicates the Court's subject matter jurisdiction and, thus, arises under Rule 12(b)(1).[15]  Because subject matter jurisdiction is a threshold issue the Court addresses it first.[16]  Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[17]  The party seeking to invoke federal subject matter jurisdiction has the burden to establish that jurisdiction is proper,[18] and "[m]ere conclusory allegations of jurisdiction are not enough."[19]

---

[15] *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942–44 (10th Cir. 2008).

[16] *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).

[17] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

[18] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

[19] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

Sovereign immunity is the privilege of the sovereign not to be sued without its consent."[20]  States and state agencies are generally immune from suit.[21]  When sovereign immunity applies, it deprives the court of subject matter jurisdiction, thereby shielding the government from suit.[22]  Pleading a claim against a government official, as Plaintiff does here against Schwab, "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."[23]  Therefore, the official-capacity claims alleged against Schwab are another way of pleading an action against the state agency for which he is employed. "Unless a State has waived its Eleventh Amendment immunity or Congress has overridden it . . . a State cannot be sued directly in its own name regardless of the relief sought."[24]  Sovereign immunity thus "bars suits for money damages against states, state agencies, and state officers in their official capacities."[25]  The Tenth Circuit has explained that "[t]he arm-of-the-state doctrine bestows immunity on entities created by state governments that operate as alter egos or instrumentalities of the states."[26]  Here, Plaintiff's official-capacity claims against Schwab are barred by Eleventh Amendment immunity.

## B.     Insufficient Service of Process under Rule 12(b)(5)

Next, Schwab moves to dismiss for insufficient service of process.  Plaintiff must validly serve process on a defendant under Fed. R. Civ. P. 4 before the Court can exercise personal

---

[20] *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253 (2011).

[21] *Id.*

[22] *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1080 (10th Cir. 2006).

[23] *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)).

[24] *Id.* at 167 n.14 (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam)).

[25] *Chilcoat v. San Juan County*, 41 F.4th 1196, 1213–14 (10th Cir. 2022).

[26] *Sturdevant v. Paulsen*, 218 F.3d 1160, 1164 (10th Cir. 2000) (quoting *Watson v. Univ. of Utah Med. Ctr.*, 75 F.3d 569, 574 (10th Cir. 1996)).

jurisdiction.[27]  "Plaintiff bears the burden to prove valid service."[28]  In ruling on a Rule 12(b)(5) motion to dismiss, "[t]he parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt."[29]  "A pro se plaintiff still must comply with Rule 4 and Kansas law for service of process."[30]

Plaintiff asserts that she validly served Schwab when (1) a process server taped the summons and Amended Complaint to the front door of his residence in Overland Park, Kansas;[31] and (2) a process server used first class UPS delivery to send the summons and Amended Complaint to Schwab at both his residential address and his office address in Topeka, Kansas. She submitted to the Court electronic receipts from UPS, showing it was received by "Scott Schwab" at his residence, and by "Williams" at his office.[32]

The Court has dismissed any official-capacity claim against Schwab for lack of subject-matter jurisdiction.  As to the individual-capacity claims, Fed. R. Civ. P. 4(e)(1) governs.  It allows  Plaintiff to either follow Kansas law or Rule 4(e)(2).  Plaintiff did not follow Rule 4(e)(2) when she had a process server tack the summons and Amended Complaint to Schwab's front door because she did not deliver a copy of the summons and Amended Complaint to him personally, nor did she leave a copy at his dwelling or usual place of abode "with someone of suitable age and discretion who resides there."[33]

---

[27] *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) (citations omitted).

[28] *Id.* (citing *Oltremari ex rel. McDaniel v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994)).

[29] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008).

[30] *Wanjiku*, 173 F. Supp. 3d at 1228 (citing *Oltremari*, 871 F. Supp. at 1350).

[31] Doc. 226 at 11.

[32] Doc. 234 at 2; Doc. 299 at 2.

[33] Fed. R. Civ. P. 4(e)(2)(B).  Assuming service to his office was appropriate, Plaintiff has not demonstrated that "Williams" was authorized to receive summons on his behalf.

Plaintiff also has not demonstrated, as required by K.S.A. § 60-303(d)(3), that Gregory or Trevillion were "appointed as a process server by a judge or clerk of the district court."[34] However, assuming Trevillion was authorized to serve the individual Defendants, Plaintiff has submitted a delivery receipt showing that Schwab signed for the UPS delivery to his home on May 6, 2025.[35]  In his motion to set aside default, Schwab admitted that he received this attempt at service, provided it to the Kansas Attorney General's Office, and believed that office was monitoring the case on his behalf.[36]  Thus, the Court finds that Plaintiff has demonstrated service on Schwab at his residence through return receipt delivery, in compliance with K.S.A. § 60-303(c).  The Court therefore proceeds to consider Schwab's motion for failure to state a claim.

### C.    Failure to State a Claim under Rule 12(b)(6)

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[37] and include "enough facts to state a claim to relief that is plausible on its face."[38]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[39]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[40]  The Court must accept the nonmoving

---

[34] K.S.A. § 60-304(a).  This provision differs from Rule 4(c)(2), which permits service by "any person who is at least 18 years old and not a party."

[35] Doc. 234 at 2.

[36] Doc. 323 at 3.

[37] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[38] *Id.* at 570.

[39] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[40] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[41] But conclusory allegations are not entitled to an assumption of truth.[42] The Court will view all well-pleaded factual allegations in the light most favorable to the plaintiff.[43]

Because Plaintiff proceeds pro se, the Court must construe her filings liberally and hold them to a less stringent standard than formal pleadings drafted by attorneys.[44] However, Plaintiff's pro se status does not excuse her from complying with federal and local rules.[45]

### 1.    RICO Claims

First, the Court agrees that Plaintiff fails to state a plausible claim against Schwab for RICO violations. She alleges no specific allegations against Schwab on these claims, but instead generally alleges that Defendants conspired to misreport the election results when she ran for Sheriff in 2017 and 2021.[46] To bring a civil RICO claim, Plaintiff must demonstrate that each Defendant "(1) conducted the affairs (2) of an enterprise (3) through a pattern (4) of racketeering activity."[47] As the Court already ruled in its August 29, 2025 Order, Plaintiff fails to allege facts

---

[41] *Iqbal*, 556 U.S. at 678.

[42] *Id.* at 681.

[43] *Jordan-Arapahoe, LLP v. Bd. of Cnty. Comm'rs of Cnty. of Arapahoe, Colo.*, 633 F.3d 1022, 1025 (10th Cir. 2011).

[44] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[45] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

[46] In her motions for relief from judgment, her motion to amend, and her supplemental response to the motion to dismiss, Plaintiff alleges the same misconduct occurred in the 2025 election, and purports to have evidence to support those claims. The Court has already denied Plaintiff's motion to reconsider the Court's order setting aside the entry of default against Schwab, and her motion for leave to amend has been denied. The Court will discuss in the following section whether amending her claim to include the 2025 election would be futile. Until then, the Court must confine itself to the factual allegations included in the operative pleading—the Amended Complaint.

[47] *Llacua v. W. Range Ass'n*, 930 F.3d 1161, 1182 (10th Cir. 2019) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1248 (10th Cir. 2016)).

to support the second, third, and fourth elements of this claim.  And because Plaintiff fails to state a claim under § 1962(c), she cannot maintain a conspiracy claim under subsection (d).[48]

### 2.    Claims Based on Criminal Statutes

Second, Plaintiff fails to state a plausible claim under the mail fraud or retaliation statutes as a matter of law.  These criminal statutes do not provide for a private right of action.[49]

### 3.    Claims under 42 U.S.C. § 1983

Third, Plaintiff's individual-capacity claims against Schwab alleging constitutional violations under 42 U.S.C. § 1983 fail to state plausible claims for relief.  To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must allege "(1) deprivation of a federally protected right by (2) an actor acting under color of state law."[50]  And Plaintiff must allege "personal participation in the specific constitutional violation complained of,"[51] because § 1983 imposes liability for a defendant's "own individual actions."[52]  The personal participation requirement for § 1983 claims "is particularly important" when the plaintiff names multiple defendants, such as in this case.[53]  "When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants'

---

[48] *See Tal v. Hogan*, 453 F.3d 1244, 1270 (10th Cir. 2006).

[49] *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims brought under several criminal statutes, including 18 U.S.C. § 1341); *Shahin v. Darling*, 606 F. Supp. 2d 525 (D. Del.) (finding no private right of action under 18 U.S.C. § 1513), *aff'd,* 350 F. App'x 605 (3d Cir. 2009).

[50] *VDARE Found. v. City of Colo. Springs*, 11 F.4th 1151, 1160 (10th Cir. 2021) (quoting *Schaffer v. Salt Lake City Corp.*, 814 F.3d 1151, 1155 (10th Cir. 2016)).

[51] *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation.").

[52] *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

[53] *Id.* (quoting *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011)).

infringed his rights."[54]  Even in the case of supervisory liability, the plaintiff must at least

"identify the specific policies over which particular defendants possessed responsibility and that

led to the alleged constitutional violation."[55]

The Amended Complaint fails to identify Schwab's personal participation in the

constitutional deprivations alleged.  In her supplemental response to the motion to dismiss,

Plaintiff suggests that Schwab's liability is based on his status as the chief election official for

the State of Kansas, which requires him to apply election laws uniformly and impartially.  She

claims that Schwab violated the Equal Protection Clause of the Fourteenth Amendment, as well

as the Fifteenth, Nineteenth, and Twenty-Fourth Amendments, by reporting fraudulent numbers

of ballots were cast in the Sheriff's race when she ran for election in 2017 and 2021.  The Court

cannot accept as true factual allegations that are not contained within the pleading.  But even if

these allegations appeared in the pleading itself, they are insufficient to state plausible § 1983

claims against Schwab because they are conclusory assertions that are not entitled to an

assumption of truth.[56]

Moreover, Plaintiff fails to link the various constitutional violations to Schwab's conduct

and her own injury.  For example, on the Fifteenth and Nineteenth Amendment claims, Plaintiff

argues that Schwab is responsible for investigating problems with election results, and should

have provided training and guidance on election procedures to the Wyandotte County

Defendants.  But she fails to allege that Schwab caused her own right to vote under the Fifteenth

and Nineteenth Amendments to be abridged.

---

[54] *Id.* at 1225–26.

[55] *Id.* at 1226.

[56] *See Iqbal*, 556 U.S. at 681 (explaining that allegations that the Attorney General and the Director of the FBI were instrumental in implementing policies that hurt the plaintiff were conclusory and not entitled to an assumption of truth).

On the Twenty-Fourth Amendment claim, Plaintiff argues that Schwab's failure to maintain correct voter rolls created a barrier for voters in Wyandotte County. Again, this allegation is not included in the Amended Complaint, and it constitutes a conclusory allegation that is not entitled to an assumption of truth. Moreover, the Twenty-Fourth Amendment prohibits conditioning a person's right to vote on payment of a poll tax.[57] Plaintiff does not allege that Schwab or any other defendant demanded payment in exchange for allowing her the right to vote. Thus, Plaintiff has failed to state a claim upon which relief may be granted based on violation of her Twenty-Fourth amendment right not to pay a poll tax in order to exercise her right to vote.

**D.    Leave to Amend**

In conjunction with her motion to set aside the clerk's entry of default against Schwab, Plaintiff sought leave to amend. Judge Mitchell denied her motion as untimely, and because this Court's October 2, 2025 Order to Show Cause why the remaining Defendants in this matter should not be dismissed was still pending.

As the Court has explained in previous orders, the general rule is that pro se parties should be allowed leave to amend, but the Court may appropriately dismiss a claim without allowing an amendment "where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give h[er] an opportunity to amend."[58] "[T]he district court should allow a plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim."[59]

---

[57] U.S. Const. amend. XXIV.

[58] *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1190 (10th Cir. 2014) (alteration omitted) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010)).

[59] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

As Judge Mitchell noted, Plaintiff failed to present a proposed amended pleading for the Court's consideration.  Her motion sought leave to amend based on new evidence about 2025 polling results in Wyandotte County—photographs of the ballot screens in her voting booth purportedly reflecting the total ballots, which she claims do not match the reported results.  But Plaintiff offers no suggested amendment that would cure the problems this Court has identified on the claims Plaintiff alleges in the Amended Complaint.  The Amended Complaint is based only on elections in 2017 and 2021, and lack of proof was not the basis for the Court's dismissal.  Thus, even considering the merits of Plaintiff's motion for leave to amend, the Court finds that the amendments Plaintiff proposes would be futile.

In Plaintiff's supplemental response, she included more factual assertions about Schwab's personal participation in the claims at issue.  As the Court has explained, even taking these allegations into account would not yield a meritorious result.  Thus, because Plaintiff has failed to demonstrate that she could amend her pleading to yield a meritorious result, the Court grants Schwab's motion to dismiss.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Supplement Memorandum in Opposition to Scott Schwab Motion to Dismiss with Memorandum Filed Separately (Doc. 355); and Plaintiff's Motion For Leave for Scott Schwab Supplemental Memo in Opposition with Supplemental Opposition Filed Separately (Doc. 359) are **granted**.  The Court has considered these filings, as well as Plaintiff's supplemental response (Doc. 360).

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion Rule 60(b)(2)(3) to Vacate Scott Schwab Motion to Set Aside Order Entry of Default ECF Document No. 344 with Declaration of New Evidence (Doc. 374) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** Plaintiff's Motion to Stay (Doc. 364) is **moot**.

**IT IS FURTHER ORDERED BY THE COURT** that Defendant Schwab's Motion to Dismiss (Doc. 333) is **granted**. The Clerk is directed to terminate Mr. Schwab as a party to this action.

**IT IS SO ORDERED.**

Dated: April 22, 2026

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE