**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CELISHA TOWERS,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-4024-JAR-ADM** |
| **MICHAEL ABBOTT, et al.,** | |
| **Defendants.** | |

**MEMORANDUM AND ORDER**

Plaintiff Celisha Towers, proceeding pro se, filed this suit against nearly 80 defendants, alleging claims under 42 U.S.C. § 1983 and several other federal statutes.  She paid the filing fee and, in 2025, attempted to serve the many Defendants in this case with summons and the Amended Complaint.  On August 29, 2025, the Court granted motions to dismiss as to 59 Defendants for lack of subject matter jurisdiction, insufficient service, and/or failure to state a claim upon which relief may be granted.[1]  Today, the Court granted Defendant Scott Schwab's motion to dismiss for failure to state a claim, and, in a separate order, dismissed all but one of the remaining Defendants for insufficient service of process.  Thus, the only Defendant remaining in this matter is Meridith Sullivan.  The Court has reviewed Plaintiff's allegations against Sullivan in the Amended Complaint and, as described more fully below, concludes that he must be dismissed for failure to state a claim upon which relief may be granted.

**I.      Standard**

The Court may dismiss a pro se complaint sua sponte for failure to state a claim "where it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing her an

---

[1] Doc. 316.

opportunity to amend her complaint would be futile."[2]  In general, a complaint must contain

factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[3]

and include "enough facts to state a claim to relief that is plausible on its face."[4]  The plausibility

standard does not require a showing of probability that "a defendant has acted unlawfully," but

requires more than "a sheer possibility."[5]  "[M]ere 'labels and conclusions,' and 'a formulaic

recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific

factual allegations to support each claim."[6]  The Court must accept the nonmoving party's

factual allegations as true and may not dismiss on the ground that it appears unlikely the

allegations can be proven.[7]  But conclusory allegations are not entitled to an assumption of

truth.[8]

Because Plaintiff proceeds pro se, the Court must construe her filings liberally and hold

them to a less stringent standard than formal pleadings drafted by attorneys.[9]  And she must be

given a reasonable opportunity "to cure technical errors or otherwise amend the complaint when

doing so would yield a meritorious claim."[10]  However, Plaintiff's pro se status does not excuse

her from complying with federal and local rules.[11]  And the Court may not supply additional

---

[2] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

[3] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[4] *Id.* at 570.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[6] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[7] *Iqbal*, 556 U.S. at 678.

[8] *Id.* at 681.

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001).

[11] *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[12]

## II.    Background

According to the Amended Complaint, Sullivan was approved as a foster parent by the Kansas Department of Children and Families and was one of Plaintiff's foster parents in Kansas City, Kansas when she was a child.  Sullivan was a member of the Baptist Ministry, which is politically connected to the Unified Government of Wyandotte County/Kansas City, Kansas ("Unified Government").[13]  Sullivan is now a pastor at Antioch Baptist Church in Kansas City, Kansas.  Plaintiff alleges that when she was in foster care as a child, Sullivan abused her. Plaintiff alleges that in his role as a member and pastor with the Baptist Ministry, he has a financial and political relationship with the Unified Government that would be a detriment to Plaintiff when she runs for election as the Unified Government Sheriff.  Plaintiff alleges one claim against Sullivan—"Sexual Abuse in Foster Care Violating Plaintiff's Child Constitutional Rights 18 U.S.C. § 2242."[14]

## III.    Discussion

The Court has subject-matter jurisdiction over Plaintiff's federal claim in this matter under 28 U.S.C. § 1331.  And Plaintiff submitted evidence that she served Sullivan by certified mail at his residence on May 3, 2025, in compliance with K.S.A. §§ 60-304(a) and 60-303(c).[15]

---

[12] *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

[13] Among Plaintiff's dismissed claims are several against the Unified Government, its employees, and several churches that are polling places for Unified Government elections.  Plaintiff alleges claims arising out of her allegation that these many defendants took part in reporting fraudulent election returns when she ran for the position of Unified Government Sheriff in 2017 and 2021.

[14] Doc. 26 at 23.

[15] Doc. 276.

Thus, the Court is satisfied that it has personal jurisdiction over Sullivan.[16]  The Court therefore proceeds to consider whether Plaintiff has stated a claim upon which relief can be granted as to this Defendant.

Plaintiff cannot allege a claim against Sullivan premised on 18 U.S.C § 2242, which is a criminal statute prohibiting sexual abuse of persons held in custody by direction of or under a contract with the head of a Federal department or agency.  This criminal statute does not give rise to a private right of action.  As the Supreme Court has explained, "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person."[17]  Because this statute does not provide for a private right of action, this claim must be dismissed.[18]  Plaintiff alleges that the sexual abuse claim is related to the other claims in this case because of the close relationship between the Unified Government and the Baptist Ministry.  But she fails to allege how her childhood abuse gives rise to any of the other claims alleged in this case that arose out of elections in 2017 and 2021, and out of her termination in 2016, and there are no other factual allegations about Sullivan related to any of those other claims.

Because there is no private right of action for Plaintiff's sole claim against Sullivan, the Court determines that it is patently obvious that Plaintiff could not prevail on the facts alleged, and allowing her an opportunity to amend her complaint would be futile.

---

[16] *See Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1223 (D. Kan. 2016) (explaining that a plaintiff must validly serve process on a defendant under Fed. R. Civ. P. 4 before the Court can exercise personal jurisdiction).

[17] *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979) (quoting *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979)).

[18] *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims brought under several criminal statutes); *Porter v. City of Portales - City Hall*, No. CIV 21-0528 RB/GJF, 2022 WL 168420 (D.N.M. Jan. 19, 2022) (finding no private right of action under § 2242).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Meredith Sullivan is hereby dismissed without prejudice.  Because this is the last remaining Defendant in this action, the Clerk shall enter final judgment and terminate this action.

**IT IS SO ORDERED.**

Dated: April 22, 2026

>                                    S/ Julie A. Robinson
>                                    JULIE A. ROBINSON
>                                    UNITED STATES DISTRICT JUDGE